LAMB v. PADGETT.

1.  APPEAL—AFFIDAVIT—DISMISSAL.—In an application to the clerk of this Court to dismiss an appeal under Rule 1, it is not necessary that the fact appear in the affidavit of respondents' attorney that the "Return" has not been filed.

2.  APPEAL—RETURN—DISMISSAL—EXCUSABLE NEGLECT.—The "Return" must be filed in this Court within twenty days after the record constituting it has been completed, and the failure to file the "Return" within the time because the "Case" was not completed, without the fault of appellant's attorney, is not such "excusable neglect" as would entitle the appellant to a reinstatement of his appeal.

Motion to reinstate appeal dismissed by clerk under Rule 1 for failure to file return in proper time.

Jan. 14, 1896.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   This is a motion to reinstate an appeal dismissed by the clerk for failure to file the return within the time prescribed by law.   The motion seems to be based upon the grounds (1) that the affidavit of respondent's attorneys, upon which the clerk dismissed the appeal, failed to state that the "return" had not been filed in time; (2) because appellant's attorney was under the honest mistake of supposing that the "return" could not be filed until the "Case" was settled, and that the delay in settling the "Case" was caused by the illness of the Circuit Judge who heard the case.

As to the first ground, we do not think that the defect in the affidavit is material.   Rule 1 requires that the appellant "shall cause the return to be made and filed with the clerk of this Court within twenty days after the record con-

stituting said return has been completed. * * * If he fails to do so within the time prescribed by this rule the appellant shall be deemed to have waived the appeal, and upon an affidavit to that effect, and the certificate of the clerk of this Court that no return has been filed as above required, the respondent may obtain from the clerk of this Court an order dismissing the appeal," etc. According to our construction of this rule two things are required: (1) That the papers constituting the "return" have been completed, and the date of such completion; and this fact must be made to appear by affidavit, which appropriately comes from the appellant's attorney, who would be cognizant of that fact. (2) A certificate from the clerk of this Court that no "return" has been filed. This second fact need not be stated in the affidavit of appellant's attorney, for the obvious reason that he is not the keeper of the records of this Court, and, therefore, could only know that the "return" had not been filed by information received from the clerk. Hence, the primary evidence that no "return" has been filed is found in the certificate of the clerk to that effect; and when that is adduced, as it has been in this case, the secondary evidence derived from the affidavit of appellant's attorney, based upon information received from the clerk, becomes immaterial and unnecessary. The first ground cannot, therefore, be sustained.

As to the second ground upon which the motion to reinstate the appeal is based, it is sufficient to say that ever since the case of *Tribble* v. *Poore*, 28 S. C. 565, decided in 1888, and followed by a number of cases, it has been settled that the "Case" forms no part of the "return;" and hence the delay in settling the "Case," which has been shown in this case to be entirely excusable, constitutes no reason why the filing of the "return" should have been delayed. In view of the length of time which has elapsed since this doctrine has been settled, and the numerous cases in which it has been followed, we cannot regard the mistake under which, it is said, the counsel for

appellant was laboring, in supposing that the "return" could not be filed until the case was settled, as such "excusable neglect" as would entitle the appellant to relief under the latter part of Rule 1.

It is therefore, ordered, that the motion to reinstate the appeal in this case be refused.