9624

WHITMAN v. SEABOARD AIL LINE RY.

(92 S. E. 861,)

APPEAL AND ERROR—DISMISSAL—NOTICE.—A Circuit Court's order, dismissing an appeal upon one day's notice for failure to file the case, is erroneous; since Supreme Court rule No. 1 (104 S. C. 522, 90 S. E. 6) and Circuit Court rule No. 49 requires a longer notice, and allows the party in default to defeat dismissal by filing the case before the motion is heard.

Before DeVore, J., Chesterfield, November, 1916. Reversed.

Action by H. R. Whitman against the Seaboard Air Line Railway. Judgment for plaintiff. From an order of the Circuit Court dismissing defendant's appeal to the Supreme Court, it appeals.

*Messrs. Stevenson & Prince* and *Edward McIver,* for appellant, cite: Code Civil Proc. 384; 52 S. C. 505; 89 S. C. 108; 86 S. C. 262; 65 S. C. 87; 49 S. C. 388.

*Mr. W. P. Pollock,* for respondent.

February 10, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an appeal from an order of the Circuit Court dismissing an appeal to this Court. On the 1st day of September, 1916, an order refusing a motion for a new trial was filed in the Circuit Court. On the 6th day of September,

notice of intention to appeal was duly served. On the 26th of September, 1916, a skeleton case was served. On the 1st day of November, 1916, a rule was served on appellant to show cause why the appeal should not be dismissed for want of prosecution, returnable in one day. The rule was made absolute and the appeal dismissed on the 2d day of November, 1916. From this order dismissing the appeal, the appellant here appeals.

The grounds upon which the appeal was dismissed were: The return was not filed with the clerk of this Court, the case was not filed with the clerk of the Circuit Court, and the case, as served, did not comply with the rules.

1. The case of *Lamb* v. *Padgett,* 45 S. C. 534, 23 S. E. 628, was relied upon to sustain the first ground. The case of *Lamb* v. *Padgett* is not authority here. The rule has been amended since *Lamb* v. *Padgett,* and now requires 10 days' notice, and allows the filing within the 10 days.

2. Rule 49 of the Circuit Court also allows 10 days after notice. It was, therefore, error to hear the motion in one day and allow no time after notice for filing, as required by rule 1 of this Court (104 S. C. 522, 90 S. E. 6) and 49 of the Circuit Court.

If the case did not comply with the rule, then the respondent shall disallow the improper portion and serve amendments to the proposed case. Neither the 10-day notice, nor objections to the case, appear in the record, and it was error to dismiss the appeal.

The order appealed from is reversed.