A. P. LOMAX, Appellant, v. SOUTHWEST MIS-
SOURI ELECTRIC RAILWAY COMPANY, Re-
spondent.

**Kansas City Court of Appeals, May 16, 1904.**

**DECEIT:** Pleading: Petition: Release. A petition set out in the
opinion, seeking to recover damages for fraudulently inducing
plaintiff to execute a release discharging defendant from liabil-
ity on account of personal injuries sustained by plaintiff in a
railroad collision, is examined and held not to state a cause of
action, since plaintiff's original cause of action for his personal
injuries remains to him if the release as alleged is fraudulent.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

AFFIRMED.

*Shannon & Shannon* for appellant.

(1) Under the allegations of the petition the re-
lease obtained of appellant was not void, but voidable.
14 Am. and Eng. Ency. Law (2 Ed.), p. 156. (2) The
fraud in obtaining the release is sufficiently pleaded.
Martin v. Lutkewitte, 50 Mo. 58; Link. v. Link, 48 Mo.
App. 345; Reed v. Bott, 100 Mo. 62. (3) Every ele-
ment of a cause of action for deceit is set forth in the
petition. 14 Am. and Eng. Ency of Law (2 Ed.), p. 23.
(4) Eliminating the allegation of deceit the petition
states a cause of action for the reason that it alleges
such a mental condition of appellant as to impose upon
respondent the burden of proving that the release in
question was obtained by fair means. 14 Am. and Eng.
Ency. Law (2 Ed.), p. 194. (5) When a person who has
been drawn into a contract by fraud does not seek to re-
scind the same, but merely seeks to recover the damages

sustained by reason of the fraud, he is not required to return, or offer to return, what he has received under the contract. 14 Am. and Eng. Ency. Law (2 Ed.), p. 168; Parker v. Marquis, 64 Mo. 38; Nauman v. Oberle, 90 Mo. 666; Brownlow v. Wollard, 61 Mo. App. 124.

*McReynolds & Halliburton* for respondent.

(1) If the statements in plaintiff's amended petition are true, then plaintiff's original cause of action is in full force and effect, and authorities in this and other States are abundant upon this point, as well as our own code, which specially provides for the meeting of the issue of fraudulent releases, such as are alleged to have been obtained in this case. R. S. 1899, sec. 654; Courtney v. Blackwell, 150 Mo. 245; Goodson v. Accident Ass'n, 91 Mo. App. 351; Roberts v. Lead Co., 95 Mo. 581. (2) In so far as it appears from plaintiff's amended petition one hundred dollars may have been the full amount of his compensatory or actual damages and the $4,400, claimed as punitive damages, if this be true, and he has been paid in full for compensatory damages sustained, then he can not maintain an action for punitive damages, for actual damages must be found as a predicate for the recovery of exemplary or punitive damages. Hoagland v. Amusement Co., 170 Mo. 335; Mills v. Taylor, 85 Mo. App. 111; 1 Sutherland on Damages (2 Ed.), sec. 406; Maxwell v. Kennedy, 50 Wis. 648; Scheppel v. Norton, 38 Kan. 567; Jones v. Mathews, 75 Tex. 1; Kuhn v. Railroad, 74 Iowa 137; Stacey v. Pub. Co., 68 Me. 287. (3) Another course under the practice of our courts stands open to the plaintiff in this case "to invoke the ancient jurisdiction of equity to eliminate by cancellation, the paper as an impediment to the enjoyment of his rights, its validity not appearing on its face. Roberts v. Lead Co., 95 Mo. App. 581; Dunn v. Miller, 96 Mo. 324.

BROADDUS, J.—This case went off on a de-
murrer to the plaintiff's amended petition. This latter
after setting out the negligent acts of the defendant by
which plaintiff alleges he was injured in his person and
for which he claims he was entitled to recover from
defendant actual and punitive damages in the sum of
$4,500, proceeds as follows:

"Plaintiff further says that immediately after said
collision, the defendant, for the purpose of ingratiating
itself into the confidence and esteem of the plaintiff, and
for the purpose of acquiring an influence over him and
excluding him from his friends and depriving him of
the advice of counsel, took possession of the plaintiff
and placed him in a hospital in Joplin, Missouri, and
caused him to be cared for by nurses and physicians,
and thereby did ingratiate itself into the confidence and
esteem of plaintiff. That thereafter, while plaintiff was
still suffering in body and mind as a result of the afore-
said injuries, and while he was not in possession of his
mental faculties sufficiently to comprehend or rationally
judge of the effect and extent of his aforesaid injuries,
and to comprehend and determine the cause of the same,
and the responsibility of the defendant therefor, and
while his mental faculties were depressed and dis-
ordered so as to render him unfit to transact business,
and before he had learned that said collision and the
injuries resulting to himself therefrom were due to the
carelessness and negligence of defendant, the said de-
fendant, while knowing the aforesaid condition of the
plaintiff and all the aforesaid facts through its agents,
physicians and servants, by means of false and fraudu-
lent representations and pretenses, and by means of an
undue influence over plaintiff acquired by the manner
and means hereinbefore stated, and by taking advantage
of the ignorance of plaintiff in relation to the cause and
extent of his injuries, and by depriving him of the ad-
vice of his friends and of counsel, obtained from plain-

tiff a written release discharging the defendant from all liability on account of his aforesaid injuries, for and in consideration of the sum of $100 paid by defendant to plaintiff. That for the purpose of obtaining said written release the agents, physicians and servants of defendant falsely and fraudulently represented and pretended to the plaintiff that his aforesaid injuries were slight and that he would soon recover entirely from the same, and that defendant would pay plaintiff $100 for said release only because plaintiff was an old man, and that they were paying the younger men who were hurt in said collision much smaller amounts, thereby leading plaintiff to believe that said $100 was being offered to him by defendant largely as a gratuity and thereby further ingratiating itself into the confidence and esteem of plaintiff. That plaintiff by reason of the aforesaid apparent kindness and consideration of defendant towards him confided in and was induced to sign and deliver said written release for and in consideration of the said $100. That the said agents, physicians and servants of defendant then and there well knew that the said representations and pretenses were false and that the plaintiff was deceived thereby. Wherefore, the plaintiff says that he has been damaged in the sum of $4,500 by the defendant by being induced to sign the aforesaid release discharging the defendant from all liability on account of the said injuries sustained by him in the aforesaid collision, for which amount and for his costs herein he asked judgment.''

The petition is thought to be without a precedent. It is noticeable that it is not an action to set aside a release obtained by fraud, and for a finding and judgment for plaintiff for the damages he had sustained by reason of the negligence of the defendant, but is for damages alleged to have been sustained for the deceit in obtaining the release itself. Plaintiff relies on the case of Parker v. Marquis, 64 Mo. 38, and kindred cases, where it is held: ''A party defrauded on a contract may stand

by it, even after he discovers the fraud, and recover damages resulting from the fraud, or may rescind the contract and recover back what he has paid or sold.''

But this is an entirely different case. If the allegations of the petition are true, and for the purpose of the demurrer they must be so taken, the release is void both in law and equity, and in executing the release the plaintiff parted with nothing. His original cause of action which was the property, if any, in dispute, remains to him. The defendant is still liable to him for the damages he sustained, if any, notwithstanding the fraudulent release. Nothing further need be said about the cause.

Affirmed. All concur.