[S. F. No. 12808. In Bank.—April 23, 1929.]

IDA M. TAYLOR, Appellant, v. F. W. HOPPER et al., Respondents.

Ernest Spagnoli and Walter F. Lynch for Appellant.

Charles W. Haswell for Respondents.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against her, entered after a demurrer to her complaint had been sustained without leave to amend. The complaint, in substance, alleges: That in February, 1926, the plaintiff herein, in the county of Santa Clara, California, commenced an action in the superior court against the defendants herein praying for damages in the sum of $51,223.80, alleged to have been suffered by plaintiff by reason of personal injuries sustained by her by reason of being run over by defendants' automobile operated in a careless and negligent manner; that plaintiff suffered severe injuries by reason of such alleged negligent conduct on the part of defendants; that, thereafter, on October 5, 1926, plaintiff entered into a compromise agreement with the defendants by which, in consideration of the sum of $5,750, she settled and compromised said cause of action and authorized and directed the clerk of the said superior court to dismiss of record said action, so that the same would operate

as a *retraxit* of all causes of action arising out of said injuries and said action was accordingly dismissed on October 5, 1926. It is then alleged that on numerous occasions between the date of plaintiff's injury and the date of said compromise, the defendants made efforts to compromise plaintiff's said claim for damages, offering varying amounts in settlement thereof and "defendants and their agents made numerous attempts to falsely convince plaintiff and did finally convince her, well knowing the falsity thereof, that her injuries were not of a permanent character." It is also alleged that during the negotiations for compromise "plaintiff was in great financial distress with no resources or credit and in great bodily pain and much distressed and confused in mind; that defendant induced plaintiff to execute said agreement of settlement and compromise by taking a grossly oppressive and unfair advantage of plaintff's necessities and distress and her weakened state of mind and thereby caused said release and compromise to be entered into for a grossly inadequate consideration." It is alleged, also, that plaintiff's injuries are permanent and that the consideration for the compromise should have been the amount asked for in the complaint filed in the original action. Plaintiff prays for $45,473.80, the difference between said amount prayed in the original action and the amount she received in the compromise.

If the complaint be considered as one for rescission of the compromise agreement, it clearly does not state a cause of action, for there are no allegations of a return of the consideration received, as required by section 1691 of the Civil Code of this state. Appellant, appreciating this difficulty, contends that the complaint is not one for the equitable remedy of rescission, but for damages for fraud and that plaintiff is entitled to affirm the compromise agreement, retaining the money received thereunder, and sue for her damages caused by the fraud.

It seems clear upon principle that such a remedy does not exist in a case such as we are considering. The difficulty in determining the amount of damages is insurmountable. If the jury found a fraud had been committed upon plaintiff to induce her to give up her cause of action, how would it determine what amount, if any, she would have received from another jury had she not compromised her action, but

had proceeded to trial? And how could damages in the instant case be assessed without some measure of what would have been accorded to plaintiff in the original action had she proceeded to trial? A well-reasoned case (*Urtz* v. *New York Central etc. Co.*, 202 N. Y. 170 [95 N. E. 711]) has considered this identical problem. The plaintiff therein alleged that upon the death of her husband caused by the negligence of the defendant, she had been induced by false and fraudulent representations as to the facts to enter into an agreement compromising her right of action for $500 and she sought recovery of damages for the fraud practiced upon her. The action was not to enforce or vacate the compromise, but to recover the actual pecuniary loss alleged to have been suffered by plaintiff by being induced to enter into the compromise. The court said: ''The jury were bound, having found the fraud, to determine whether the plaintiff was injured through the fraud, and, if injured, the sum of her damages. In case the right of action had no value, she had gained by the transaction and was not injured. It had no value whatever if the true state of facts disclosed that it was an invalid and non-existing claim, or, in other words, that the defendant was not negligent, or, if the defendant was negligent, that the intestate was not free from contributory negligence. If, however, the true state of facts would have established that the defendant was negligent and the intestate free from contributory negligence, then the plaintiff had a valuable right of action, the acquirement of which through the fraud may have injured her. Until the jury found the real facts and that they created a valid claim against the defendant, they had not a basis for estimating the damages the plaintiff had sustained. The action is not to enforce or vacate the compromise, but to recover the actual pecuniary loss sustained by the plaintiff. *An alleged value of the claim based upon the accident and the death or facts sufficient to warrant the reasonable belief of the plaintiff that she had a just claim is of a nature too speculative and wagering to be recognized by the law in this action for fraud.*''

In the case of *Garcia* v. *California Truck Co.*, 183 Cal. 767 [192 Pac. 708], a situation similar to the instant case was considered by this court and it was held that it was necessary for the plaintiff to promptly rescind the agreement

alleged to have been entered into by him through the fraud of the defendant, and to restore to the defendant the consideration received thereunder, before action could be brought on the original cause of action. The court quoted from *Fox* v. *Hudson*, 150 Ky. 115 [Ann. Cas. 1914A, 832 150 S. W. 49], as follows: "Where the claim is for unliquidated damages or where the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree upon a sum that shall be paid in settlement, the amount so paid shall be returned if the party settled with seeks to avoid the settlement on the ground of fraud. Where there is no dispute as to the sum due and the creditor is induced by fraud to accept a less amount than his whole debt, he may attack the settlement without returning what he has received."

The case of *Westerfield* v. *New York Life Ins. Co.*, 129 Cal. 68 [58 Pac. 92, 61 Pac. 667], relied upon by appellant, is not helpful to her cause for that case holds that for the plaintiff to maintain such an action as we are here considering, the compromise sought to be avoided must have been of an undisputed claim. In the decision of the court commissioner, adopted by the court, it was said: "Cases of that nature (where one who seeks to rescind a compromise agreement on the ground of fraud is not required to restore the money he has received) arise when a party has been led by fraudulent contrivance to accept less money than was due him on an *undisputed* claim, as in *Gilson etc. Co.* v. *Gilson*, 47 Cal. 597." The compromise made in the case before us was of a disputed claim, unliquidated in amount and there is no practicable measure of damages for the action sought to be maintained. The demurrer, therefore, was properly sustained without leave to amend.

The judgment is affirmed.

Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Preston, J., concurred in the judgment.

Rehearing denied.

All the Justices present concurred.