### LINARD v. PENNSYLVANIA R. CO.
No. 11082.

United States Court of Appeals
Sixth Circuit.
April 21, 1950.

Lyman Brownfield, Columbus, Ohio, and 'Charles' Schwenker, Columbus, Ohio (Brownfield, Schwenker & Teaford, Lyman Brownfield and Charles V. Schwenker, Columbus, Ohio, of counsel), for appellant.

Charles S. Gillispie, Columbus, Ohio (Porter, Stanley, Treffinger & Platt, Charles S. Gillispie, Columbus, Ohio, of counsel), for appellee.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The appellant appeals from a judgment dismissing his amended complaint.

The amended complaint alleges that on June 17, 1925, while riding as a passenger in an automobile operated by his father, he was struck by a train being operated by the defendant near Port Washington, Ohio, and suffered serious injuries thereby; that the accident was proximately caused by the negligence of the defendant; that he was 2½ years of age at the time; that about two months after the accident the appellee obtained a release from liability to him in consideration of the payment of $25; that such release was obtained through proceedings in the Probate Court of Tuscarawas County, Ohio, instituted by his parents; that the institution of such proceedings and the execution of the release were obtained by fraudulent representations made by appellee to the appellant's parents; and that by reason of appellee's fraud and deceit the appellant was deprived of a valuable cause of action against appellee to his damage in the sum of $75,000, for which amount judgment was prayed. It also alleged that appellant was in active military service from March 26, 1943 to March 6, 1946, which prevented him from bringing the action during that period of time. Appellee's motion to dismiss the amended complaint was sustained.

Section 11224-1 of the General Code of Ohio, effective August 2, 1927, provides that an action for bodily injury must be brought within two years after the cause thereof arose. Section 11229 provides that if a person entitled to bring an action is

within the age of minority he may bring it within the limitation period provided after such disability is removed. The appellant became of age about January 1944. If he had not entered the military service the two foregoing sections of the Code would have extended the running of the statute of limitations until approximately February 1, 1946. Under the provisions of the Soldiers' and Sailors' Civil Relief Act, Section 525, Title 50 U.S.C.A., App. the period of military service is not included in computing any period limited by law for the bringing of an action. Accordingly, the statute did not commence running until his discharge from military service on March 6, 1946. The filing of an action by appellant for personal injuries was accordingly barred after March 6, 1948. The present action was filed on March 22, 1948, and is barred by the statute of limitations if considered as an action to recover for personal injuries caused by the negligence of the appellee.

Appellant contends that the action is one for relief on the ground of fraud, which, under Section 11224 of the General Code of Ohio may be brought within four years after the cause accrued. Realizing that an action to set aside the alleged voidable release would merely restore to him his right to sue in tort for the personal injuries suffered, and that such a tort action would be barred, he maintains that he has the right to sue for damages caused to him by the fraud and deceit of the appellee instead of electing to set the transaction aside for fraudulent representations.

We recognize the rule that where a contract has been procured by fraud the party defrauded has the election to have the transaction set aside and to be restored to his original position, or to sue in tort for the damages caused by the deceit or fraud of the guilty party. The rule has been applied by some courts to situations similar to those involved in the present case. Urtz v. New York Central R. R. Co., 202 N.Y. 170, 95 N.E. 711; Rochester Bridge Co. v. McNeill, 188 Ind. 432, 122 N.E. 662; Brown v. Ocean Accident & Guaranty Corp., 153 Wis. 196, 140 N.W. 1112. Other courts have denied a recovery in damages on the ground that the damage was too speculative, or that the proper procedure was for the plaintiff to first set aside the release which barred his action and then proceed upon his original cause of action based on negligence. Taylor v. Hopper, 207 Cal. 102, 276 P. 990; Whitman v. Seaboard Air Line Ry., 107 S.C. 198, 92 S.E. 861, L.R.A. 1917F, 717; Lomax v. Southwest Mo. Electric Ry. Co., 106 Mo.App. 551, 81 S.W. 225.

The question presented by the case at bar has not been passed upon by the Supreme Court of Ohio, but in Picklesimer v. Baltimore & O. Railroad Co., 151 Ohio St. 1, 84 N.E.2d 214, 217, the Court had for consideration a similar situation and, although basing its decision upon another ground, it nevertheless indicated that the case was essentially one sounding in tort. The opinion said—"Hence, although the plaintiff has injected the matter of fraud, the original basic elements of his case—negligence, injury and proximate cause—remain unchanged, and there seems to be no persuasive reason for the application of a different rule. The simple addition of the claim of fraud cannot be regarded as a bit of legerdemain by which the plaintiff somehow has eliminated any of the original elements of negligence, injury and proximate cause."

In Urtz v. New York Central Railroad Co., supra, relied upon by appellant, the Court recognized the practical difficulties of properly assessing the damages in such an action. The jury assessing the damages would have to consider the probabilities of successful enforcement of the alleged cause of action, the extent and expense of the expected litigation, the law's delays, and what another jury might have awarded the plaintiff if he had been successful in an action on the original tort. The difficulties in determining the proper value of such an alleged cause of action are very materially increased with the passage of time. In the present case, the death or absence of key witnesses and the failing memories of those who may be available after a lapse of twenty-three years would make the process one of speculation rather than any fair attempt to properly assess the damages.

The judgment is affirmed.