17910

Willie Mae Lyles HOPKINS, Respondent, v. FIDELITY
INSURANCE COMPANY, Appellant

(125 S. E. (2d) 468)

*Messrs. Cooper & Gary,* of Columbia, and *Murchison, West & Marshall,* of Camden, *for Appellant,*

*Messrs. J. Clator Arrants* and *Raeford D. Phillips,* of Camden, *for Respondent,*

May 7, 1962.

LEGGE, Acting Justice.

Action is for damages for fraud and deceit. From a circuit court order overruling its demurrer to the complaint and denying, in part, its motion to strike certain allegations, defendant appeals.

The complaint alleged, in substance: that the plaintiff, twenty-six years old, husbandless, illiterate, and dependent for support on the kindness of relations and her own meager income as a part-time farm laborer, was on April 7, 1961, living as a tenant on the farm of one B. L. McCaskill with her mother, an invalid uncle, a minor brother, and her two children,—a son aged five and a daughter aged two and a half years; that on the afternoon of said day plaintiff's said daughter "was crushed under the wheels of a heavy truck owned by B. L. McCaskill", and died five

days later; that thereafter one Paul Semple, as agent and adjuster of the defendant insurance company, persuaded plaintiff's mother to bring plaintiff to his office, where, taking advantage of her state of shock and grief, he maliciously told her that the defendant owed her nothing but would pay her two thousand ($2,000.00) dollars for the death of her child, which sum was "a plenty", and that unless she would take it and sign a release "they would pick up plaintiff's minor brother and put him in bad trouble"; that the representations so made by Semple were known by him to be false and were designed, for the benefit of the defendant insurance company, to defraud her of several thousands of dollars to which she was entitled for the death of her child; and that the plaintiff, believing said representations to be true, and relying upon them, signed the release as requested by him and thereby forfeited and lost "her legal rights to a fair and just monetary value for the death" of her child; to her damage, actual and punitive, three hundred thousand ($300,000.00) dollars.

The demurrer charged, *inter alia,* that the complaint showed upon its face that the plaintiff had suffered no damage. We think that it should have been sustained upon that ground.

Although the action was laid in fraud and deceit, the claim of damage was founded upon the alleged loss of plaintiff's right to be adequately compensated in money for the death of her child. But if a cause of action for wrongful death existed it was vested in the deceased child's personal representative, and not in the plaintiff. Code, 1952, Section 10-1952. Plaintiff's entitlement to compensation was not in her own right, but as beneficiary of the statutory cause of action. Consideration of the complaint here reveals that it is wholly lacking in factual allegations from which a cause of action for wrongful death may reasonably be inferred. It is not charged that the child's death resulted from negligent operation of McCaskill's truck; the mere allegation that the child was fatally injured by the truck does not warrant in-

ference of negligence. It is thus apparent that, as a matter of pleading, the plaintiff's claim of damage for loss of a cause of action, or of a beneficial interest therein, is without substance, for the complaint does not factually allege that such a cause of action existed. Her dilemma is still deeper; assuming the complaint sufficient to charge that the child's death had resulted from negligence for which McCaskill was liable, she states herself out of court by alleging that she has forfeited her rights as beneficiary of the cause of action for wrongful death because by the fraudulent acts and representations of the insurance adjuster she was induced to sign a release, for such cause of action would not be barred by a release fraudulently procured.

In support of her contention that her release, although obtained by fraud, has barred action by the personal representative of the deceased child, respondent calls attention to the case of *Prater v. Tennessee Producers' Marble Co.,* 105 Tenn. 496, 58 S. W. 1068, where it is stated that a release given by the beneficiary may be attacked for fraud by the beneficiary alone or in conjunction with the administrator, but not by the administrator alone. See also *Spitzer v. Knoxville Iron Co.,* 133 Tenn. 217, 180 S. W. 163, and *Arrowood v. McMinn County,* 173 Tenn. 562, 121 S. W. (2d) 566, 119 A. L. R. 855. We are not persuaded that such a rule is a sound one; it would seem illogical to permit the defendant to plead the beneficiary's release in bar of the administrator's action and deny the administrator the right to attack its validity. Respondent also suggests that under the decision of this court in *Aldridge v. Watts Mill,* 131 S. C. 222, 127 S. E. 213, her release, although obtained by fraud, has barred action by an administrator. We do not so construe it.

If a cause of action for wrongful death of respondent's child did not exist, respondent has sustained no damage from the alleged fraud of appellant's agent. If such a cause of action did exist and a release of respondent's interest as statutory beneficiary of it was pro-

cured by fraud, she has sustained no damage thereby, for the cause of action and her beneficial interest thereunder would still exist, such a release being ineffectual to bar either.

Having concluded that the demurrer should have been sustained, we need not consider the exceptions to the order refusing in part appellant's motion to strike.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.