20907

Earl STRONG, Jr., Plaintiff, v. FROEHLING & ROBERTSON, INC., Defendant. COMPONENTS, INC., Defendant-Third Party Plaintiff-Respondent, v. GODLEY CONSTRUCTION CO., INC., Third Party Defendant-Appellant.

(252 S. E. (2d) 921)

*William U. Gunn,* of *Holcombe, Bomar, Wynn and Gunn,* Spartanburg, *for third party defendant-appellant.*

*Emil W. Wald,* of *Spencer and Spencer,* Rock Hill, *for defendant-third party plaintiff-respondent.*

March 7, 1979.

LITTLEJOHN, Justice:

The plaintiff, Earl Strong, Jr., was injured while employed on a construction job by defendant Godley Construction Co. Inferentially, he was covered by Workmen's Compensation. At the time of the injury the plaintiff was helping Godley and defendant Froehling & Robertson, Inc., run tests on roofing trusses bought by Godley from defendant Components, Inc., a manufacturer. Froehling & Robertson was an engineering firm, employed by Godley to assist in testing the trusses.

Strong initiated this action against only Components and Froehling & Robertson, for personal injuries growing out of the mishap. The action against Components was brought on the theories of tort, strict liability, and breach of expressed and implied warranties. The cause of action against Froehling & Robertson was in tort.

Counsel for Components moved the court to add defendant Godley as a party on the grounds that such was necessary to a complete determination of the controversy, that a multiplicity of suits would be avoided, and that settlement of a claim by Components against Godley was necessary to a complete determination of the issues. Counsel for plaintiff Strong did not oppose the motion and it was granted by the court. No appeal has been taken from this order.

Thereafter, Components filed its answer and cross-action, alleging (1) that it had an indemnification agreement with Godley, under the terms of which Godley would reimburse Components for any amount it might be required to pay plaintiff Strong, and (2) that Godley was indebted to it (Components) in the amount of $6,477.62, representing costs of the trusses bought.

Godley has demured to Components' cross-action on the following grounds:

"1. The Third Party Complaint fails to state a cause of action against this third party defendant inasmuch as this third party defendant is not a necessary and proper party to the action between plaintiff and defendants.

"2. The Third Party Complaint fails to state a cause of action inasmuch as the alleged negligence of third party defendant is not imputable to the plaintiff herein and as such does not constitute a defense to defendants, nor does it create a cause of action against this third party defendant.

"3. There is an improper joinder of actions *ex delicto* and *ex contractu,* inasmuch as the said purported causes of action are not separately stated."

The lower court overruled the demurrer. Only Godley has appealed. We affirm.

The grounds of demurring are limited by § 15-13-320, *Code of Laws of South Carolina* (1976). Reference thereto convinces us that none of the objections which counsel for Godley submits to this court may be met by demurrer. Those questions, as taken from Godley's brief, are as follows:

"1. Was Plaintiff's employer a necessary or proper party in this suit filed by Plaintiff seeking to recover from third persons whose wrongful acts allegedly acused his injuries.

"2. Does not the South Carolina common law and the South Carolina Workmen's Compensation Act eliminate the Appellant as a third-party defendant?"

In *Lawson v. Citizens and Southern Nat. Bank of S. C.,* 255 S. C. 517, 180 S. E. (2d) 206 (1971), we held that a contention of too many parties may not be met by demurrer, saying:

"We need not inquire whether Mrs. Lawson is a proper party because defect of parties, not multiplicity, is ground for demurrer. Sec. 10-642(4), Code of 1962; *Gibert v. Glenn,* 159 S. C. 135, 156 S. E. 325 (1930). '*Defect* of parties, as the word imports, means too *few,* and not too *many.' Lowry v. Jackson,* 27 S. C. 318, 321, 3 S. E. 473, 475 (1887)."

The second question attacks the cross-action, alleging that the Workmen's Compensation Law bars the claim. If plaintiff Strong had Workmen's Compensation coverage, that fact does not appear on the face of the cross-action. Upon consideration of a demurrer, the court may not look beyond the four corners of the pleading under attack, in this case, the cross action of Components.

The order of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.