## 21108

DAGLE CONSTRUCTION COMPANY, INC., Respondent, v. Alfred A. CERRATI and Karen N. Cerrati and South Carolina Federal Savings and Loan Association, of which Alfred A. Cerrati and Karen N. Cerrati are Appellants.

(262 S. E. (2d) 12)

*Harvey, Battey & Bethea,* Hilton Head Island, *for appellants.*

*Ferrene & Pracht,* Hilton Head Island, *for respondent.*

January 8, 1980.

GREGORY, Justice:

This appeal is from an order dismissing appellants Alfred A. and Karen N. Cerrati's demurrer to respondent Dagle Construction Company, Inc.'s complaint. We reverse.

The action is one for breach of contract and to foreclose a mechanic's lien arising from a construction contract and work performed thereunder entered into between appellants, as owners, and Mr. Robert A. Dagle d/b/a Dagle Construction Company, as contractor. The mechanic's lien was filed by Dagle Construction Company, Inc.

The contract, a standard A.I.A. short form small construction contract, was specifically incorporated into respondent's complaint and attached thereto. It is plain and unambiguous from the face of the agreement that the contractor is not denominated Dagle Construction Company, Inc., but rather the non-corporate entity of Mr. Robert A. Dagle d/b/a Dagle Construction Company, and the contract was executed by Mr. Dagle in the proprietorship capacity.

The grounds for appellants' demurrer were that there is a defect of parties plaintiff and that plaintiff (respondent) lacks capacity to sue. Section 15-13-320, Code of Laws of South Carolina (1976).

The lower court in passing on the demurrer received and considered extrinsic evidence from respondent in the form of an affidavit which sought to explain the disparity of the parties by the introduction of facts and allegations not contained in the pleadings. This was error.

It is elementary that the trial judge, when passing on a demurrer, is strictly limited to a consideration of the pleading under attack, see cases collected in West's South Carolina Digest, *Pleading,* Keys 214(2), 216(1), 216(2) ; and must not look beyond its four corners. *Strong v. Froehling & Robertson, Inc.,* S. C., 252 S. E. (2d) 921 (1979).

The lower court's order overruling the demurrer was based on the extrinsic evidence submitted by respondent and the failure of appellants to meet that evidence with affidavits of their own. This was reversible error. *Fleming v. Pioneer Life Ins. Co.,* 178 S. C. 226, 182 S. E. 154 (1935).

Moreover, it being apparent from the face of the complaint and the agreement incorporated therein that the corporate respondent was not a party to the contract it seeks to recover under, nor the real party in interest to the action to foreclose the mechanic's lien, the grounds noted above for appellant's demurrer should have been sustained. See *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956); *Muckelvaney v. Liberty Life Insurance Company,* 261 S. C. 63, 198 S. E. 2d) 278 (1973).

The issue is not whether the facts pleaded state any cause of action, for indeed the allegations of the complaint well state the causes of action. It is rather whether the party pleading these facts is entitled to do so. It appears on the face of the complaint as drawn that respondent Dagle Construction Company, Inc. is not.

Reversed.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.