21152

Charles Henry PILKINGTON, Appellant, v. Robert D. McBRAIN and Nancy E. McBrain, Respondents.

(262 S. E. (2d) 916)

*George F. Abernathy,* of *Odom, Terry, Abernathy & Cantrell,* Spartanburg, *for appellant.*

*Joseph M. Fullwood,* Lexington, and *Jean L. Perrin,* Columbia, *for respondents.*

February 19, 1980.

*Per Curiam:*

Appellant Charles Henry Pilkington brought this action against respondents Robert D. and Nancy E. McBain alleging fraud and seeks actual and punitive damages. The appeal is from an order sustaining respondent's demurrer to the complaint. We reverse.

On review of an order sustaining a demurrer, we are limited to a consideration of the allegations set forth in the pleading, and such allegations are presumed true. *Bobo Brothers, Inc. v. South Carolina Tax Commission,* 271 S. C. 18, 244 S. E. (21) 519 (1978-; See *Crowley v. Bob Jones University,* 268 S. C. 492, 234 S. E. (2d- 879 (1977). When under attack for alleged failure to state a cause of action, the pleading must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn therefrom entitle him to relief on any

theory of the case. *Turner v. ABC Jalousie Company of North Carolina,* 251 S. C. 92, 160 S. E. (2d) 528 (1968).

The gist of the instant complaint is that the respondents, in concert with certain others, forged appellant's signature to a "lost mortgage form" and affidavit of satisfaction pertaining to a mortgage they had previously given appellant. The satisfaction was then recorded in the office of the register of mesne conveyance for the county where the mortgage was on file. These acts of fraud, so it is further alleged, caused appellant to sustain actual and punitive damages in the amount of $300,000.00.

The demurrer challenged the sufficiency of the allegations to state a cause of action. On the strength of the case of *Hopkins v. Fidelity Insurance Company,* 240 S. C. 230, 125 S. E. (2d) 468 (1962), the lower court ruled appellant could have sustained no damage by reason of the fraudulent satisfaction since that purported instrument was a nullity, and on that basis the court sustained the demurrer. See *Warr v. Carolina Power and Light Company,* 237 S. C. 121, 115 S. E. (2d) 799 (1960).

In *Hopkins,* we reversed an order overruling a demurrer to an action for fraud and held it should have been sustained since the complaint showed on its face the plaintiff had suffered no damage. The specific damages alleged in that case were the monies the plaintiff would have received in an action for the wrongful death of her child had she not been fraudulently induced to sign a release of the claim. Since the release, admittedly fraudulent for purposes of the demurrer, was void *ab initio* it could not operate to bar an action for wrongful death and therefore the damages alleged were unsustained.

The lower court's strict reliance on *Hopkins* is misplaced. Here, the complaint as drawn alleges that the appellant sustained damages. Although the damages are not specified respondent did not move to require appellant to make the allegation of damages more definite and

certain. While we cannot stray beyond the four corners of the pleading to determine what appellant's damages are when reviewing a demurrer, see *Dagle Construction Company, Inc. v. Cerrati,* S. C., 262 S. E. (2d) 12 (1980), the complaint must be liberally construed in favor of the pleader and left standing if the allegations, however uncertain, fairly constitute a cause of action for damages. *Chilton v. City of Columbia,* 247 S. C. 407, 147 S. E. (2d) 642 (1966); *Turner v. ABC Jalousie, supra; Brown v. Sandwood Development Corporation,* S. C., 253 S. E. (2d) 514 (1979).

Just as the fraudulent release was no bar to the wrongful death action in *Hopkins,* here the fraudulent satisfaction did not prevent appellant from foreclosing the mortgage. However, loss resulting from the inability to foreclose was not the damage alleged herein, as was the loss of proceeds from the supposedly barred wrongful death action in *Hopkins.* Respondents concede appellant's right to have the priority and notice of his mortgage lien protected and uninterrupted of record. We have held that actions constituting wilful invasion of a plaintiff's legal rights will give rise to damages sufficient to sustain an action, even though those damages are presumed and nominal. *Hinson v. A. T. Sistare Construction Co.,* 236 S. C. 125, 113 S. E. (2d) 341 (1960); *Cook v. Atlantic Coast Line R. Co.,* 183 S. C. 279, 190 S. E. 923 (1937). Here, the recordation of the fraudulent satisfaction may have damaged appellant, although unspecified in his pleading. In our view, the element of damage is fairly gathered from the four corners of the complaint.

The order sustaining the demurrer is accordingly reversed.

Reversed.