## 21505

James F. CROMER, Appellant, v. Katherine Garner HUTTO, Redman Development Corporation, Redman Homes, Redman International, St. Andrews Development Company, Inc., B & B Investment Company, Inc., EES ATCO Associates, Redman Properties, Lincoln Properties, The Columbia Company, Harvey Freeman & Sons, Inc. of South Carolina, Ehrankranz & Schultz, Attorneys at Law, Allen Fry & Associates, Inc., Engineers, and Prudential Insurance Company of America, Defendants, of whom Redman Development Corporation, Redman Homes, Redman International, Redman Properties and B. P. Barber & Associates, Inc., Engineers are Respondents.

(280 S. E. (2d) 202)

*J. Kendell Few, Greenville,* and *Billy C. Coleman,* Saluda, *for appellant.*

*Hoover C. Blanton,* of Whaley, McCutchen & Blanton, and *Charles E. Carpenter, Jr.,* and *Charles N. Plowden, Jr.,* of Richardson, Plowden, Grier & Howser, Columbia, and *Hubert E. Long,* of Long, Bouknight, Nicholson & Davis, Lexington, *for respondents.*

July 6, 1981.

NESS, Justice:

Appellant James F. Cromer appeals from an order sustaining respondents' demurrer to his complaint. We affirm.

Cromer was injured when struck by an automobile driven by defendant, Katherine G. Hutto. Hutto was driving down the entrance way of an apartment complex when she lost control of her car. The car jumped over a curb, went through a shrubbery row and over a retaining wall. Cromer was standing below the retaining wall and was struck by the vehicle.

Our review is limited to a consideration of the allegations raised in the pleadings which are presumed true, and must be liberally construed in the drafter's favor. *Pilkington v. McBain,* 274 S. C. 312, 262 S. E. (2d) 916 (1980).

In pertinent part Cromer's complaint alleged respondents were negligent in designing and maintaining the apartment complex and sloping parking lot. The gravamen of the complaint is that respondents should have erected adequate vehicle barriers which would prevent injuries caused by "runaway" cars.

The critical issue raised on this appeal is whether the injuries to Cromer caused by the runaway vehicle were foreseeable. We hold they were not.

Where injury is proximately caused by a runaway or out of control vehicle, no liability results from lack of a safety barrier unless that condition contributed to

the loss of control. If the lack of safety barrier or device did not contribute to the loss of control, then any injury arising from the failure to erect the barrier would be unforeseeable within the contemplation of the law. See: *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671 (1978); see also, *Watkins v. Davis*, 308 S. W. (2d) 906 (Tex. Civ. App. 1957).

Here, Cromer's injuries were caused solely by defendant Hutto's loss of control of her car. Nothing the respondents did or failed to do caused Hutto to lose control of her car, and Cromer did not allege in his complaint the failure to erect a safety barrier caused her to lose control. We conclude Cromer's injuries were not foreseeable and respondents were not negligent as a matter of law. The demurrer was properly sustained.

It is unnecessary to address Cromer's exception concerning contributory negligence, as we hold respondents were not negligent as a matter of law.

The order sustaining the demurrer is affirmed.

Affirmed.

LITTLEJOHN and GREGORY, JJ., concur.

LEWIS, C. J., and HARWELL, J., dissent.

LEWIS, Chief Justice (dissenting) :

The majority has decided the issues of negligence, foreseeability, proximate cause, and contributory negligence solely on the basis of the pleadings. These are issues more properly for a jury to determine and should not be usurped by the court.

Whether an innocent workman on these premises, as was the plaintiff, should be lawfully subjected to the dangers of the alleged ski-slope construction created by these respondents should be decided only after all of the facts are developed at trial.

I would reverse and remand for trial; and, therefore, dissent.

HARWELL, J., concurs.