541 S.E.2d 269

Randy GASKINS and Linda Gaskins, Appellants,

v.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, and South Carolina Farm Bureau Insurance Company and Timothy Brant, Respondents.

No. 3271.

Court of Appeals of South Carolina.

Heard Nov. 6, 2000.
Decided Dec. 18, 2000.
Rehearing Denied Feb. 12, 2001.

Constance A. Anastopoulo, Anastopoulo Law Firm, Charleston, for appellants.

Robert J. Thomas, Rogers, Townsend & Thomas, Columbia, for respondent.

CURETON, Judge:

Randy and Linda Gaskins (the Gaskins) appeal the trial court's dismissal of their action against the Southern Farm Bureau Casualty Insurance Company, the South Carolina Farm Bureau Insurance Company (collectively "Farm Bureau"), and Timothy Brant, a claims representative for Farm Bureau. We affirm in part, reverse in part and remand.

## FACTUAL/PROCEDURAL BACKGROUND

While hunting, Eugene Gaskins accidentally shot his son, Randy Gaskins, with a high-powered rifle. Randy was admitted to the hospital and treated for a gunshot wound to the right flank and severe internal injuries. His medical bills exceeded $36,000.00.

The Gaskins filed a claim against the homeowner's insurance carrier for Eugene Gaskins, Farm Bureau. The claim alleged that in addition to Randy's injuries and medical bills, Linda suffered extreme emotional distress, loss of consortium, and lost wages as a result of the shooting.

The Gaskins alleged that Timothy Brant fraudulently induced them to settle their claims with Farm Bureau by informing them that Eugene Gaskins's policy would pay a

maximum of $9,000.00 to cover their claims. Based on this misinformation, the Gaskins accepted a $9,000.00 payment and signed a Final Release and Settlement of their claims. The Gaskins subsequently learned Eugene Gaskins's policy provided for $100,000.00 in personal liability protection.

The Gaskins filed this action against Brant and Farm Bureau, alleging fraud, negligence, breach of the covenants of good faith and fair dealing, misrepresentation, unfair trade practices, wrongful adjustment under South Carolina Code Annotated Section 38–59–20, and the intentional infliction of emotional distress. They further sought a declaratory judgment that the release was null and void.

Brant and Farm Bureau moved to dismiss the action under Rule 12(b)(6), SCRCP, for the Gaskins' failure to state facts sufficient to constitute any of their causes of action. After a hearing on the motion, the trial court summarily dismissed all causes of action pursuant to *Hopkins v. Fidelity Ins. Co.*, 240 S.C. 230, 125 S.E.2d 468 (1962). The Gaskins appeal. We affirm in part, reverse in part and remand.

## LAW/ANALYSIS

### Summary Dismissal Pursuant to *Hopkins*

The trial court issued a two-line ruling that apparently applies to all causes of action and the Gaskins' request for a declaratory judgment. The order stated: "[t]he court finds the case of *Hopkins v. Fidelity Ins. Co.*, 240 S.C. 230, 125 S.E.2d 468 (1962) to be controlling. Therefore, it is ordered that this action is dismissed."

### I.

The Gaskins argue the trial court erred in holding *Hopkins* barred all their actions against Brant and Farm Bureau. We agree as to the causes of action for fraud, negligence, misrepresentation, unfair trade practices, and the intentional infliction of emotional distress.

In *Hopkins,* the mother of a two year old girl, fatally crushed under a farm vehicle, filed suit alleging fraud and deceit by Fidelity Insurance Company in its settlement of the wrongful death claim. The complaint alleged a Fidelity agent

took advantage of the mother's state of shock and coerced her into signing a release of her claim in exchange for two thousand dollars.

Our Supreme Court in *Hopkins* found the mother's action should have been dismissed. The court held the action vested in the child's personal representative rather than in the mother, and the claim failed as it was brought by the mother in her individual capacity.

In further remarks, the Court stated the complaint failed to allege the child's death resulted from negligent operation of the farm vehicle. The court reasoned the mere allegation that the child was fatally injured by the truck did not warrant an inference of negligence. The court next concluded that even if the complaint alleged the underlying negligence, the complaint failed because the mother alleged the release was fraudulently obtained. The court concluded the mother alleged no damages because a fraudulently obtained release would be void and would thus not bar the mother's cause of action.

Although *Hopkins* has been interpreted as standing for the proposition that South Carolina does not allow tort actions against insurers for acts of their adjusters in fraudulently procuring releases, our Supreme Court has not recognized this view and has applied *Hopkins* as a rule of pleading. *Compare* Gary D. Spivey, Annotation, *Insurer's Tort Liability for Acts of Adjuster Seeking to Obtain Settlement or Release,* 39 A.L.R.3d 739, 754 n. 4 (1971) ("The present availability of the action for fraud and deceit [in South Carolina] is in doubt in view of the decision in *Hopkins . . . .*") *with Pilkington v. McBain,* 274 S.C. 312, 314–15, 262 S.E.2d 916, 917–18 (1980) (The Court concluded that "strict reliance on *Hopkins* " was misplaced. Utilizing the rule that pleadings are to liberally construed, the Court found the plaintiff in *Pilkington* alleged damages, unlike in *Hopkins* in which the Court held the plaintiff failed to allege damages). *See also Mutual Sav. and Loan Ass'n v. McKenzie,* 274 S.C. 630, 266 S.E.2d 423 (1980) (citing *Hopkins* in concluding plaintiff failed to plead damages). Accordingly, we review the law interpreting the sufficiency of pleadings.

The *Hopkins* case was decided in 1962 under the requirements of Code Pleading. The South Carolina Rules of

Civil Procedure were adopted effective July 1, 1985. Rule 86, SCRCP. The rule governing a motion to dismiss for failure to state a cause of action, Rule 12(b)(6), SCRCP, replaces the Code Pleading rules regarding demurrers. *See* 1985 S.C.Acts 100.

Rule 12(b)(6), SCRCP, "retains the Code Pleading standard ... rather than the more lenient notice pleading standard found in the federal rules." Harry M. Lightsey, Jr. & James F. Flanagan, *South Carolina Civil Procedure* 93 (2nd ed.1996). *See also Justice v. The Pantry,* 335 S.C. 572, 518 S.E.2d 40 (1999) (citing *South Carolina Civil Procedure* ). However, "technical, restrictive or outmoded requirements of Code Pleading are not necessarily required." Lightsey, Jr. & Flanagan at 93–94. Furthermore, Rule 8(f), SCRCP, states that all pleadings are to be construed to do substantial justice to all parties.

To ensure substantial justice to the parties, the pleadings must be liberally construed. *Russell v. City of Columbia,* 305 S.C. 86, 406 S.E.2d 338 (1991). In deciding whether the trial court properly granted Farm Bureau's motion for dismissal under Rule 12(b)(6), this court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *See Gentry v. Yonce,* 337 S.C. 1, 522 S.E.2d 137 (1999). A motion to dismiss under Rule 12(b)(6) should not be granted if "facts alleged and inferences reasonably deducible therefrom" entitle the plaintiff to relief under any theory. *Id.* at 5, 522 S.E.2d at 139 (quoting *Stiles v. Onorato,* 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995)).

In light of the rules governing pleadings, we find the trial court erred by summarily dismissing all claims under *Hopkins* without further analysis. Accordingly, we reverse the trial court and remand the causes of action for fraud, negligence, misrepresentation, unfair trade practices, and the intentional infliction of emotional distress.

## II.

As to the Gaskins' causes of action for breach of the covenants of good faith and fair dealing and for wrongful

adjustment pursuant to South Carolina Code Annotated Section 38–59–20 (1989), we affirm the trial court.

In *Tadlock Painting Co. v. Maryland Cas. Co.*, our Supreme Court held an insured could assert a cause of action for the breach of the implied covenants of good faith and fair dealing against his insurance company. *Tadlock Painting*, 322 S.C. 498, 473 S.E.2d 52 (1996) (citing *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983) (wherein the Court recognized the existence of a cause of action against an insurance company for bad faith refusal to pay first party benefits due under an insurance contract)). The elements of an action for breach of the covenants of good faith and fair dealing in an insurance contract are as follows:

(1) *the existence of a mutually binding contract of insurance between plaintiff and defendant;*

2) a refusal by an insurer to pay benefits due under the contract;

3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing in the contract;

4) that causes damage to the insured.

*See Cock–N–Bull Steak House, Inc. v. Generali Ins., Co.*, 321 S.C. 1, 6, 466 S.E.2d 727, 730 (1996) (emphasis added) (enumerating the elements of a claim for bad faith refusal to pay benefits under an insurance contract).

The Gaskins' complaint did not allege the existence of a contract between the Gaskins and Farm Bureau. Furthermore, South Carolina does not recognize a third party action for the bad faith refusal to pay insurance benefits. *Kleckley v. Northwestern Nat'l Cas. Co.*, 338 S.C. 131, 526 S.E.2d 218 (2000). *But see Ateyeh v. Volkswagen of Florence, Inc.*, 288 S.C. 101, 341 S.E.2d 378 (1986) (applying a narrow exception to this rule for a 'third-party' spouse under the necessaries doctrine). Accordingly, we affirm the trial court's dismissal of this cause of action. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000); Rule 220(c), SCACR (an appellate court may affirm the trial court's order for any reason appearing in the record on appeal).

■ We also affirm the trial court's dismissal of the Gaskins' cause of action alleging wrongful adjustment pursuant to South Carolina Code Annotated Section 38–59–20 (1989) (The South Carolina Claims Practices Act). The Act provides relief for a third party victim of an improper claims practice. S.C.Code Ann. §§ 38–59–10 to –50 (1989 & Supp.1999); *Kleckley* at 137, 526 S.E.2d at 221. Section 38–59–20 declares that a third party may pursue *administrative action* before the Chief Insurance Commissioner if an insurer *inter alia* "[k]nowingly misrepresent[s] to insureds or third-party claimants pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages." S.C.Code Ann. § 38–59–20(1) (1989).

The Act does not create a private cause of action. *See Swinton v. Chubb & Son, Inc.*, 283 S.C. 11, 320 S.E.2d 495 (Ct.App.1984) (holding section 38–37–1110, the predecessor statute, recodified by 1987 Act No. 155, § 1 to section 38–59–20, did not allow a private cause of action). A cause of action for wrongful adjustment under section 38–59–20 only entitles the Gaskins to an administrative remedy. Therefore, we affirm the trial court's dismissal of the cause of action for wrongful adjustment. *See I'On*, 338 S.C. 406, 526 S.E.2d 716 and Rule 220(c), SCACR (an appellate court may affirm the trial court's order for any reason appearing in the record on appeal).

### *Recusal*

The Gaskins also contend the trial judge erred in failing to recuse himself due to his relationship with Farm Bureau and with Brant. This issue is not preserved for review on appeal.

The record indicates the judge disclosed his relationships with Farm Bureau and Timothy Brant. However, the Gaskins did not object or move for the judge to recuse himself.[1] The

---

1. The court stated:

> Okay. Let me—I'm sorry, but let me interrupt you. I apologize.
>
> My home is insured with Farm Bureau, and Farm Bureau has provided insurance as long as I've been out of—well, as long as I have been a licensed driver.
>
> My brother in law works for Farm Bureau in Columbia, and I represented Farm Bureau from time to time when I was practicing law.
>
> Do you have any objection to my hearing this matter?
>
> If you want . . .

issue is therefore not preserved for appellate review. *See Parker v. Shecut,* 340 S.C. 460, 531 S.E.2d 546 (Ct.App.2000) (holding party who failed to move for recusal had not preserved the issue for appellate review).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed as to the dismissal of the causes of action for fraud, negligence, misrepresentation, breach of the implied covenants of good faith and fair dealing, and violation of the South Carolina Unfair Trade Practices Act. We affirm the trial court's dismissal of the Gaskins' actions for wrongful adjustment and breach of the covenant of good faith and fair dealing. We accordingly remand the case for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.

---

Mr. Pagliarini: I have no objection.

The Court: Very well. Do you have any objection to my hearing this?

Mr. Thomas: No, Your Honor.

The Court: Well, excuse me for interrupting you.

Mr. Thomas: I did not know you were insured by Farm Bureau until this morning, from Mr. Tim Brant.

The Court: Mr. Brant knows that. I know Mr. Brant very well.