581 S.E.2d 169

**Randy GASKINS and Linda Gaskins, Respondents,**

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, South Carolina Farm Bureau Insurance Company and Timothy Brant, Petitioners.**

No. 25654.

Supreme Court of South Carolina.

Heard March 18, 2003.

Decided May 19, 2003.

Rehearing Denied June 11, 2003.

Robert J. Thomas, of Rogers, Townsend & Thomas, of Columbia, for Petitioners.

Constance A. Anastopoulo, of the Anastopoulo Law Firm, of Charleston, for Respondents.

Thomas A. Pendarvis, of Lewis, Babcock & Hawkins, of Columbia, and J. David Flowers, of Greenville, for Amicus Curiae South Carolina Trial Lawyers Association.

Justice BURNETT:

We granted certiorari to review the decision of the Court of Appeals in *Gaskins v. Southern Farm Bureau Casualty Insurance Company*, 343 S.C. 666, 541 S.E.2d 269 (Ct.App.2000). We affirm the decision as modified.

## FACTUAL/PROCEDURAL BACKGROUND

Randy ("Randy") and Linda Gaskins (collectively "Gaskins") sued Southern Farm Bureau Casualty Insurance Company ("Southern Farm") for fraudulently inducing them to sign a claim's release. Gaskins' complaint alleges Randy's father accidentally shot him while hunting. Randy claims the shooting resulted in severe injuries and accrued medical bills in excess of $36,000.

The complaint alleges Southern Farm insured Randy's father. Further, the Gaskins allege a Southern Farm agent informed Randy's father the policy limit was $9,000 although it was actually $100,000.

The Gaskins complain they relied on the insurers erroneous information when they accepted $9,000 in compensation for Randy's injuries in exchange for releasing Southern Farm from any additional claims. Accordingly, the Gaskins seek to recover in tort against Southern Farm for fraudulently inducing them to settle the claim.

The trial court dismissed the Gaskins' fraud claim pursuant to Rule 12(b)(6), SCRCP, citing *Hopkins v. Fidelity Insurance Company*, 240 S.C. 230, 125 S.E.2d 468 (1962). The Court of Appeals reversed, holding *Hopkins* was a rule of pleading supplanted by the South Carolina Rules of Civil Procedure. The Court of Appeals found *Hopkins* did not bar the suit.

## ISSUE

Did the Court of Appeals err in finding *Hopkins* inapplicable?

## ANALYSIS

The Court of Appeals ruled *Hopkins* inapplicable because it did not involve applicable substantive law. We disagree.

In *Hopkins* a plaintiff sued an insurance company in tort for fraudulently inducing her to sign a release of all claims involving the death of her daughter. The trial court denied the defendant's demurrer.

On appeal, this Court relied upon three grounds to reverse the trial court's denial of the insurance company's demurrer. Importantly for the present case, we found the trial court erred in denying the demurrer because plaintiff suffered no damages as a result of the release.

Hopkins asserted she was barred by the release from suing the tortfeasor. Therefore, she argued she should be allowed to sue the insurance company for fraudulently obtaining the release. This Court disagreed and concluded if the tortfeasor was not found to be negligent of the underlying tort, then the plaintiff has suffered no damage because of the fraudulently obtained release. However, if the tortfeasor was found negligent for the child's death, then any fraudulently obtained release could not be enforced to bar plaintiff from recovering damages on the underlying tort.

The *Hopkins* decision enunciated a substantive rule, contrary to the Court of Appeals categorization of it as an outdated pleading requirement. *See also Pilkington v. McBain,* 274 S.C. 312, 314, 262 S.E.2d 916, 917 (1980).

■ South Carolina law prohibits an insurer from knowingly misrepresenting to third-party claimants "pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages." S.C.Code Ann. § 38–59–20 (1976). This general prohibition is instructive of legislative intent to prohibit such practices as complained of in this case. *But see Masterclean, Inc. v. Star Ins. Co.,* 347 S.C. 405, 556 S.E.2d 371 (2001) (Claims Practice Act does not create a private cause of action).

Further, a majority of courts now recognize a tort against an insurance company for fraudulently obtaining a release.[1] A

---

1. *See, e.g., Matsuura v. Alston & Bird,* 166 F.3d 1006 (9th Cir.1999) (allowing claim under Delaware law); *DiSabatino v. United States Fidelity & Guar. Co.,* 635 F.Supp. 350 (D.Del.1986) (same); *Bilotti v. Accurate Forming Corp.,* 39 N.J. 184, 188 A.2d 24 (1963) (same); *Ponce v. Butts,* 104 N.M. 280, 720 P.2d 315 (Ct.App.1986) (same). *But see,*

primary reason why courts recognize the tort is to discourage insurance companies from engaging in fraud. *Phipps v. Winneshiek County*, 593 N.W.2d 143, 146 (Iowa 1999). While the rationale of *Hopkins* is sound, its rule does not clearly deter insurance companies from fraudulently obtaining a release.

■ However, as noted in *Hopkins*, a plaintiff cannot maintain an action against an insurer for fraudulently obtaining a release until he proves the materiality of the false representation. To establish the materiality element of the tort of fraud, the plaintiff must demonstrate the insurer had an obligation to pay by alleging and proving the liability of the tortfeasor.

We modify *Hopkins* in order to deter insurance companies from attempting to defraud claimants while recognizing that a plaintiff must show the insurer's false representation was material. The Gaskins may sue Southern Farm in tort for fraudulently inducing them to sign a release. However, as a predicate to recovery, if any, Gaskins must first allege and prove that Randy's father was negligent in the underlying tort.

The trial court erred in dismissing the Gaskins complaint pursuant to Rule 12(b)(6), SCRCP. While the Court of Appeals correctly reversed the trial court, it did so on a misunderstanding of the *Hopkins* decision. We, therefore, remand this matter to the trial court for further proceedings consistent with this opinion.

## · CONCLUSION

The Court of Appeals decision is **AFFIRM AS MODIFIED.**

TOAL, C.J., MOORE, J., and Acting Justices MARC H. WESTBROOK and JOHN W. KITTREDGE, concur.

■

*e.g., Taylor v. Hopper*, 207 Cal. 102, 276 P. 990 (1929) (disallowing claim); *Davis v. Hargett*, 244 N.C. 157, 92 S.E.2d 782 (1956) (same).