### 20110

S. C. LANGSTON et al., Appellants-Respondents, v. Henry T. NILES et al., of whom Henry T. Niles is, Respondent-Appellant.

(219 S. E. (2d) 829)

---

*Messrs. W. Turner Logan,* of Charleston, and *Hamilton & MacGregor,* of Summerville, *for Appellants-Respondents,* cite:

*Messrs. Berry & Dukes,* of St. George, and *Goodstein &
Jennings,* of Charleston, *for Respondent-Appellant,* cite:

*Messrs. W. Turner Logan,* of Charleston, and *Hamilton & MacGregor,* of Summerville, *for Appellants-Respondents, in Reply.*

November 18, 1975.

LITTLEJOHN, Justice:

This action was commenced by the plaintiff, S. C. Langston, against the defendant, Henry T. Niles, for the purpose of obtaining an interpretation of an assignment contract of three leases, executed by the defendant in favor of the plaintiff on January 28, 1969.* Though not so designated, it is obviously a declaratory judgment action.

The evidence discloses that the defendant was an automobile dealer in the town of Summerville. He operated the business on three parcels of real estate owned by Mr. and

---

* The rights of other parties to this action are of no concern in this proceeding.

Mrs. H. B. Page (landowners). On April 1, 1968, the landowners executed three separate leases for the three parcels of real estate, in favor of the defendant as lessee. The first lease was for twenty years and provided for a monthly rental of $400.00. The second lease was for twenty years and provided for a monthly rental of $100.00. The third lease was for five years and provided for a monthly rental of $150.00. The first lease required that the defendant pay, in addition to the $400.00 monthly rental, "such additional sum as shall be required by Cooper River Federal Savings and Loan Association as monthly payments to amortize a loan in the sum of Fifty thousand ($50,000.00) Dollars to the Landlord herein, which said loan is secured by a Note and Mortgage of the Landlord [Pages] to Cooper River Federal Savings and Loan Association, personally endorsed by the Tennant [defendant], covering the above described premises, . . ." Apparently the proceeds of this loan were used to improve the property and adapt it to the defendant's automobile sales operation. The amount of these payments was $391.00 per month.

In the last part of 1968, or the early part of 1969, the defendant decided that he wanted to get out of the automobile business. The plaintiff was an experienced automobile dealer in Charleston and desired to take over the defendant's dealership. On January 28, 1969, the plaintiff and the defendant entered into a written agreement to assign the three leases to the three parcels of real estate to the plaintiff. That assignment is the contract which the lower court was called upon to interpret, and to declare the rights and liabilities of the parties.

The assignment, in pertinent part, reads as follows:

"WHEREAS, Henry T. Niles does now desire to assign all of his right, title and interest in and to said Leases (which are attached hereto and made a part hereof) to Stanley C. Langston for the consideration hereinafter expressed.

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS that for and in consideration of the payment of the sum of Two Thousand, one hundred ($2,-100.00) Dollars per month commencing on the 1st day of March, 1969, I, HENRY T. NILES, do hereby assign, grant, sell and transfer unto STANLEY C. LANGSTON all of my right, title and interest in and to those three (3) certain Leases herein above described, said sum to include Six hundred ($600.00) Dollars per month which shall be paid to Sea Island Bank of Statesboro, Georgia for the purpose of retiring a certain personal note and obligation of the said Henry T. Niles to said Bank in the original sum of $32,000.00. At such time as the full and just sum of $32,-000.00 shall be paid to Sea Island Bank of Statesboro, Georgia, then and upon such occasion, the said Stanley C. Langston shall pay to Henry T. Niles the sum of One Thousand, five hundred ($1,500.00) Dollars per month, which said sum shall continue for and during the life and term of said Leases."

The plaintiff lacked sufficient capital to enter into his new undertaking as an automobile dealer. In order to make it possible for the defendant to get his money out of the business, and in order to make it possible for the plaintiff to undertake the dealership, the defendant procured a loan from the Sea Island Bank of Statesboro, Georgia. The loan was the personal obligation of the defendant, but it was obtained in large measure for the benefit of the plaintiff. This accounts for the fact that the plaintiff was to provide the $600.00 monthly payments, as set out in the assignment agreement.

From the date of the assignment of January 28, 1969, until August 1973, the plaintiff paid to the defendant $2,-100.00 each month, and out of this amount the defendant paid $600.00 monthly to the Georgia bank. During this same period the defendant paid to the landowners $650.00 per month rental, and paid to the Savings and Loan $391.00 per month on the note and mortgage.

In August of 1973, the plaintiff took the position that he had paid the principal sum of $32,000.00, recited in the assignment, and that he was thereafter required to pay only rent to defendant each month for the remainder of the term of the leases (until 1988). The defendant took the position that the plaintiff was obligated to pay the interest on the Georgia bank loan and to pay rent to him in the amount of $1,500.00 per month and, in addition, that plaintiff was required to pay the $650.00 per month rent to the landowners, and the $391.00 per month to the Savings and Loan. The defendant wrote to the landowners, informing them that, as of September 1973, the landowners were to collect the rents owing on the leases directly from the plaintiff as he was obligated under the assignment to pay the rent.

Since September of 1973, plaintiff has made the rent payments to the landowners and made the payment to the Savings and Loan. He has paid the remainder of the $1,-500.00 each month into an escrow account to the Clerk of Court.

The plaintiff's complaint alleges that he has performed his part of the assignment agreement, but that the defendant has defaulted by refusing to continue to pay the landowners and to pay the Savings and Loan out of the $1,500.00 monthly payment.

The answer of the defendant asks the court to interpret the assignment as requiring the plaintiff to pay to him (defendant) the sum of $1,500.00 monthly and, in addition, pay the landowners and the Savings and Loan. The answer alleges that subsequent to the execution of the assignment, the plaintiff came to the defendant and stated that he was unable to comply with the terms of the assignment and requested the defendant to make the payments to the landowners and to the Savings and Loan until the Georgia bank was paid. The answer further alleges that the defendant orally agreed to do this, and it is undisputed that he did until August of 1973. The answer denies that the plaintiff had

complied with the terms of the agreement. At the trial, defendant submitted that the plaintiff breached the contract by failing to pay interest on the Georgia bank loan. The answer prays that the complaint be dismissed and that the plaintiff be required to pay hereafter $1,500.00 per month to the defendant, plus the rent to the landowners, and $391.00 per month to the Savings and Loan, and for such other relief that seems proper.

Plaintiff takes the position that he was entitled to reduce the payment to the defendant from $2,100.00 per month to $1,500.00 when the principal sum of $32,000.00 had been paid to the Georgia bank. The defendant takes the position that the plaintiff was required to continue with the $2,100.00 per month payments until the loan of $32,000.00, plus interest, was liquidated.

We unhesitatingly hold that the assignment is ambiguous on two points:

1. It does not spell out whether the rent to the landlord and the payment to the Savings and Loan were to be made by the plaintiff or the defendant.

2. It does not spell out or definitely indicate whether the $2,100.00 monthly payments were to continue until principal only, or principal and interest were paid on the Georgia bank loan.

It became the duty of the trial judge to interpret the assignment agreement. He ruled that the plaintiff should pay, in addition to the principal, the interest on the loan of the Georgia bank, to the defendant, in the amount of $8,400.00. He further ruled that after the plaintiff had satisfied the Georgia bank loan as to principal and interest, he was entitled to reduce the monthly payment to $1,500.00, and should continue such payments until February 1988. He held that the fact that the five-year lease expired in 1973, did not entitle the plaintiff to reduce the $1,500.00 monthly rent.

Both the plaintiff and defendant have appealed.

We examine first the plaintiff's questions:

1. Was it proper for the court to order payment of interest to defendant when the answer contained neither a counter-claim, nor a setoff?

2. Did the court err in holding that the plaintiff was obligated to pay interest on the $32,000.00 loan from the Georgia bank, and in holding that $8,400.00 was the correct amount?

3. Did the court err in holding that the plaintiff was obligated under the assignment agreement to pay the defendant $1,500.00 per month until 1988, instead of $1,350.00, since the third ($150.00 per month) lease expired in 1973?

The contention that the court should not have ordered payment of interest to defendant, because a request for the same was not spelled out in the answer and prayer for relief, cannot be sustained. The purpose of pleadings is to place the adversary on notice as to what the issues are. Under our view the plaintiff, by bringing the complaint before the lower court, alleging compliance with the assignment agreement on his own part and breach by the defendant, required the court to determine the parties' respective duties under the agreement. Certainly, under the facts of this case, neither party has been taken by surprise. The rulings of the lower court were necessary to settle the dispute. We find no error.

The plaintiff's next contention is that the trial judge erred in requiring him to pay interest on the principal sum of $32,000.00, borrowed from the Georgia bank.

As indicated hereinabove, the assignment contract is ambiguous on the question of who should pay the interest. Where a contract is ambiguous and the trial judge is sitting as the trier of the fact, he must determine the true intention of the parties in the light of the subject matter, the relations of the parties to each other, and the circumstances surrounding the parties when they entered

into the agreement. *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171 (1962), 17A C. J. S. Contracts § 597, p. 1163 (1963).

In addition to those factors enumerated in the trial court's order, we think that a significant consideration is that the $32,000.00 loan, defendant obtained from the bank in Georgia, was an important part of the entire agreement between the parties, and plaintiff received a benefit from the loan. The testimony revealed that plaintiff had only $11,-000.00 in available capital, which was not enough to finance a dealership. Defendant agreed to obtain the loan to help plaintiff finance his new business undertaking, while at the same time enabling defendant to withdraw his investment.

■ Under the terms of the assignment agreement, the additional payments of $600.00 per month were to be made "for the purpose of retiring a certain personal note and obligation of the said Henry T. Niles [defendant] to said Bank in the original sum of $32,000.00." This language, quoted from the assignment, together with the fact that the loan was procured in order to assist the plaintiff to commence his business, warranted the finding of the trial judge that it was the intent of the parties that plaintiff absorb the interest before the $2,100.00 payments were reduced.

■■ Although we conclude that the plaintiff should absorb the interest on the loan, we do not find in the record evidence to substantiate the amount of $8,-400.00. Accordingly, the case will be remanded for the purpose of allowing the parties to pursue the question of what amount actually should be paid by the plaintiff to the defendant as relates to the interest item. The plaintiff's argument that the South Carolina usury laws apply, so as to limit the amount of interest he is obligated to pay, is patently without merit. Plaintiff's payments to defendant, including the $600.00, are consideration for the assignment of the leases, and the fact that the defendant used a portion

of these payments to pay off a loan he obtained from the Georgia bank provides the plaintiff with no defense based on usury.

Plaintiff's final contention is that the trial court erred in ruling that the $1,500.00 per month payments should continue through February 28, 1988. He argues that the defendant repudiated his obligation to make the required payments under the assignment when he wrote to the landowners, in August of 1973, telling them that the plaintiff would make the payments, and because of this breach of the agreement, he cannot require the plaintiff to perform his obligations. He further submits that the third lease expired after five years, instead of twenty years as he (plaintiff) believed. The argument that the defendant first breached the contract is premised on the plaintiff's contention that he was not at fault in refusing to pay interest on the $32,000.00 sum. Since we hold that plaintiff was required to pay the interest under the assignment, his (plaintiff's) was the first breach and he is deprived of the right to complain of a subsequent breach by defendant. *Smith v. First Provident Corp.*, 245 S. C. 509, 141 S. E. (2d) 646 (1965).

Lastly, plaintiff submits that the assignment contract is ambiguous and that he believed that all three leases were for twenty years. Accordingly, he argues that the $1,500.00 per month rent should be reduced to $1,350.00 after the expiration of the five-year lease. The assignment does not recite the duration of any of the leases. They were attached to the agreement and made a part thereof. Under the facts before us, the court will not hear the plaintiff to say that he was unaware of the fact that the third lease expired after five years. He is an experienced businessman. He knew, or should have known, that the consideration he agreed to pay was for two twenty-year leases, and one five-year lease. The factual question on this matter was for determination of the lower court. We agree with his finding.

We now reach the defendant's appeal. He submits the following question:

Did the lower court err in holding that the defendant is required to make payments to the landowners and to the Savings and Loan out of the $1,500.00 to be paid to him each month by the plaintiff?

Defendant argues that the assignment is not ambiguous on this point. He submits that under the assignment the plaintiff assumed all of the defendant's obligations under the lease to pay both the landowners and the Savings and Loan, and that the $1,500.00 per month was consideration to him for the assignment. Normally, the assignment of a lease would spell out the obligations of the parties. Here the assignment, as drawn, left the question of who would pay the landowners and the Savings and Loan in doubt. Accordingly, the trial court was entitled to consider extrinsic evidence to determine the parties' true intent. The fact that the defendant made the payments to the landowners and to the Savings and Loan from January 1969 until August 1973 (a total of some $54,000.00), and the fact that he now admits that he is not seeking reimbursement therefor, warrants the conclusion of the trial judge that it was never the intention of the parties that the plaintiff was to pay these items over and above the $2,100.00 and/or $1,500.00 payments. There is abundant evidence in the record to support the judge's conclusion that the parties intended that the payments to the landowner and the Savings and Loan were to be made out of the $2,100.00 and/or $1,500.00 payments provided in the agreement. The conduct of the parties is entitled to great weight in interpreting an ambiguous contract. *Kitchens v. Lee*, 221 S. C. 59, 69 S. E. (2d) 67 (1952).

We are of the opinion that the lower court correctly decided the issues, except as to the amount of interest which plaintiff should pay to the defendant. The case is remanded to the lower court in order that the parties may explore this

facet of the case, and in order that the court may grant judgment for an appropriate amount.

It would appear that plaintiff and the landowners have attempted to renegotiate a lease arrangement. The effect of such is not a matter of concern to the court in this action.

Affirmed as modified, and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.