633 S.E.2d 518

Jane DOE, by and through her LEGAL GUARDIAN,
and Robert Roe, by and through his legal
guardian,[1] Appellants,

v.

BARNWELL SCHOOL DISTRICT 45 and Barnwell
County Sheriff's Department, Defendants,

Of whom Barnwell School District 45 is, Respondent.

No. 4137.

Court of Appeals of South Carolina.

Heard June 6, 2006.
Decided July 17, 2006.

---

1. The names of the minor plaintiffs have been changed and the names
of their guardians have been redacted to protect the minors' identities.

R. Bentz Kirby and Glenn Walters, both of Orangeburg, for Appellants.

Allen D. Smith, of Columbia, for Respondent.

STILWELL, J.

Jane Doe and Robert Roe (the students) filed this action against Barnwell School District 45 and the Barnwell County Sheriff's Department alleging, *inter alia,* gross negligence in hiring and supervising personnel and resource officers. The trial court dismissed the action against the district for lack of subject matter jurisdiction. We reverse and remand.

## FACTS [2]

The students attended Barnwell County High School. During a football game on September 19, 2003, a police officer and a deputy sheriff discovered the students sitting in the back seat of an automobile parked on school grounds. Another deputy sheriff, who was a resource officer at the school, joined them at the car. The police officer informed the deputies that he did not observe any inappropriate behavior or contact between the students.[3] The officer left the students in the care of the deputies. The deputies questioned the students after escorting them to a school office. The principal and two assistant principals were present and participated in the questioning.

The students claim one of the deputies "attempted to intimidate and humiliate [Roe] by screaming, insulting, threatening, and other inappropriate language." The students' parents were summoned to the school and informed their children had engaged in sexual activity while on school grounds. As a result, Doe's parents took her to a hospital to undergo medical testing to determine if she had engaged in sexual intercourse. The medical examination determined Doe had never engaged in sexual intercourse. Although the principal initially threatened the students with expulsion or ten days suspension, she ultimately suspended them for only five days. The students appealed the principal's decision to the school board, which upheld the suspension.

The students then filed this action. As to the district, the students alleged the principal failed to protect them and the district failed to properly train and supervise the principal and resource officers. The trial court dismissed the suit against the district for lack of subject matter jurisdiction because it found the students were attempting to "circumvent the prohibition against appealing short-term student suspensions...."

## STANDARD OF REVIEW

"[S]ubject matter jurisdiction is a question of law for the court." *Murphy v. Owens–Corning Fiberglas Corp.*, 346

---

2. The facts related here are as alleged in the complaint.

3. The district contends the students were engaged in inappropriate sexual activity.

S.C. 37, 43, 550 S.E.2d 589, 592 (Ct.App.2001), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003). Questions of law may be decided with no particular deference to the trial court. *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000).

## LAW/ANALYSIS

■ The students, contending their suit is based on gross negligence arising from the interrogation, argue the trial court erred in finding the lawsuit pertained to a school suspension and dismissing the complaint for lack of subject matter jurisdiction. We agree.[4]

■ "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Eagle Container Co. v. County of Newberry*, 366 S.C. 611, 633–34, 622 S.E.2d 733, 744 (Ct.App.2005) (citation omitted). In *Byrd v. Irmo High School*, the supreme court found that South Carolina law does not provide for judicial review of student suspensions of ten days or less. 321 S.C. 426, 432–36, 468 S.E.2d 861, 864–67 (1996). The court later qualified that holding to allow judicial review of a temporary suspension where the student challenges the suspension as violative of due process. *Floyd v. Horry County Sch. Dist.*, 351 S.C. 233, 236–37, 569 S.E.2d 343, 345 (2002) (finding due process for students suspended ten days or less requires: (1) oral or written notice of the charges; (2) an explanation of the evidence; and (3) an opportunity to present their side of the story).

The trial court agreed with the district's contention that the single reference in the claim to section 59–19–560 of the South Carolina Code as the basis for the trial court's jurisdiction justifies characterizing the entire action as a challenge of the

---

4. Additionally, the students claim the trial court erred in failing to allow them to amend the complaint to remove a paragraph referencing S.C.Code Ann. § 59–19–560 (Rev.2004). Because we determine the trial court had jurisdiction over the complaint as it was written, determining whether the students should have been allowed to amend is unnecessary.

temporary suspensions.[5] Although this section appears to give the circuit court jurisdiction over appeals of suspensions, the court in *Byrd* found that the more recently enacted, specific statute, section 59–63–230, essentially superseded section 59–19–560 by providing for appeal to the board of trustees. *See Byrd,* 321 S.C. at 434–35, 468 S.E.2d at 866; S.C.Code Ann. § 59–63–230 (2004). Therefore, if this were solely an appeal of the suspension, the circuit court would lack jurisdiction.

In construing a complaint, however, the court must review the entire pleading. *Smith v. Nelson,* 83 S.C. 294, 300, 65 S.E. 261, 263 (1909) (construing the "complaint upon the whole"). A review of the complaint as a whole in this case does not support the district's argument that the students brought this action to appeal suspensions. *See* Rule 8(f), SCRCP (providing that all pleadings must be construed to do substantial justice to all parties); *Gaskins v. S. Farm Bureau Cas. Ins. Co.,* 343 S.C. 666, 671, 541 S.E.2d 269, 271 (Ct.App. 2000), *aff'd as modified on other grounds,* 354 S.C. 416, 581 S.E.2d 169 (2003) ("To ensure substantial justice to the parties, the pleadings must be liberally construed."). As stated in the complaint, the causes of action against the district are "Gross Negligence and Gross Negligence in Hiring and Supervision." The complaint does not request relief from the suspensions. The suspensions merely arose out of the same situation as the alleged wrongful conduct by the district. Unlike *Floyd* and *Byrd,* this case is based on the conduct of school officials and resource officers in the manner of interrogation and investigation rather than the wrongful imposition of suspensions.[6]

## CONCLUSION

We find the trial court erred in dismissing the action for lack of subject matter jurisdiction based solely on a finding

---

5. Section 59–19–560 provides: "Any party aggrieved by the order of the county board of education shall have the right to appeal to the court of common pleas...." S.C.Code Ann. § 59–19–560 (Rev.2004).

6. At oral argument, the issue of the ultimate viability of this action was briefly mentioned. We venture no opinion on the merits of this action.

that the action was an attempt to appeal short-term suspensions. Accordingly, the order of the trial court is

**REVERSED AND REMANDED.**

HUFF and BEATTY, JJ., concur.