726 S.E.2d 208

**SHIRLEY'S IRON WORKS, INC., and Tindall Corporation, Appellants,**

v.

**CITY OF UNION, South Carolina, Gilbert Group, LLC and William E. Gilbert, Respondents.**

**No. 4637.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2009.

Decided Dec. 9, 2009.

Withdrawn, Substituted and Refiled Feb. 11 and May 20, 2010.

---

See also, 387 S.C. 389, 693 S.E.2d 1.

Boyd Benjamin Nicholson, N. Ward Lambert and R. Patrick Smith, all of Greenville; for Appellants.

Andrew Lindemann, and Gilbert Bagnell, both of Columbia and William Whitney, Jr., of Union; for Respondents.

WILLIAMS, J.

In this case, we must determine whether the circuit court erred in granting summary judgment in favor of the City of

Union (the City) as to Shirley's Iron Works, Inc. and Tindall Corporation's (Appellants) claims. We reverse in part and affirm in part.

## FACTS/PROCEDURAL HISTORY

In 2000, the South Carolina Legislature enacted the Subcontractors' and Suppliers' Payment Protection Act (SPPA). S.C.Code Ann. §§ 29–6–210 to –290 (Supp.2008). The SPPA states, in pertinent part:

(1) When a governmental body is a party to a contract to improve real property, and the contract is for a sum in excess of fifty thousand dollars, the owner of the property *shall require the contractor to provide a labor and material payment bond* in the full amount of the contract.

. . .

(3) For the purposes of any contract covered by the provisions of this section, it is the *duty* of the entity contracting for the improvement *to take reasonable steps to assure that the appropriate payment bond is issued* and is in proper form.

(4) "governmental body" means . . . all local political subdivisions.

S.C.Code Ann. § 29–6–250 (Supp.2008) (emphasis added).

On or about February 26, 2002, the City issued a request to general contractors for proposals for the design and construction of a building (the Project). The City chose the proposal of Gilbert Group, LLC (Gilbert). On June 4, 2002, the City and Gilbert entered into a general contract [1] (the Contract) to build the Project. Gilbert, in turn, entered into various subcontracts, including agreements with Shirley's Iron Works, Inc. and Tindall Corporation (collectively the Appellants). However, the City did not require Gilbert to furnish a payment bond for the Contract. The Appellants claim they performed their work under their subcontracts, but Gilbert has still not paid them in full.

On June 11, 2003, the Appellants filed a complaint against the City in which they alleged the City failed to obtain a payment bond from Gilbert as required by section 29–6–250.

---

1. The total value of the Contract was approximately $875,000.

In response, the City filed an answer and third-party complaint on July 15, 2003. In their answer, the City denied the allegations in the complaint and presented a third-party complaint against Gilbert and William E. Gilbert[2] for breach of contract, breach of contract accompanied by a fraudulent act, negligence, and fraud.

In an order dated April 19, 2004, Judge Paul E. Short granted the City's motion to redesignate Gilbert and William E. Gilbert as defendants because they, along with the City, were "joint tortfeasors whose alleged acts combined and concurred to cause the harm for which the Plaintiffs seek to recover." In the order, the circuit court held, "the Plaintiffs' cause of action against the City sounds in tort," and was, therefore, "necessarily brought pursuant to the South Carolina Tort Claims Act. . . ." (SCTCA). That same day, the circuit court granted the City's motion to strike the Appellants' prayer for recovery of attorneys' fees. In that order, Judge Short again held the Appellants had alleged a cause of action that sounded in tort. The Appellants did not appeal either of Judge Short's rulings.

On August 17, 2005, the Appellants filed an amended complaint against the City, Gilbert, and William E. Gilbert. In the amended complaint, the Appellants alleged Gilbert had failed to pay all the monies owed to them under their respective contracts. They also alleged the City failed to secure a payment bond from Gilbert, as required by section 29–6–250. The Appellants asserted causes of action for violation of section 29–6–250, violation of section 27–1–15 of the South Carolina Code, negligence, quantum meruit, and attorneys' fees. The Appellants also alleged for the first time in the amended complaint they were third-party beneficiaries of the Contract because the bonding requirements of section 29–6–250 are "legislatively mandated contractual obligations" that were incorporated into the Contract by operation of law.

On December 12, 2005, Judge Steven H. John granted the City's motion to strike the Appellants' causes of action for attorneys' fees and prejudgment interest as set forth in the amended complaint. In his order, Judge John found because Judge Short ruled the Appellants' claims sounded in tort, and

---

2. William E. Gilbert is the sole proprietor of Gilbert Group, LLC.

the Appellants had not appealed Judge Short's order, that ruling became the law of the case. The Appellants did not appeal Judge John's order.

Both parties moved for summary judgment, and the circuit court heard the motions on January 23, 2006. After the hearing, but before the circuit court ruled on the motions, this court issued its opinion in *Sloan Construction Co. v. Southco Grassing, Inc.*, 368 S.C. 523, 629 S.E.2d 372 (Ct.App.2006) on April 24, 2006. In that case, this court held South Carolina Code sections 29–6–250 and 57–5–1660(a)(2) do not provide a subcontractor a private right of action against a governmental entity for failure to ensure a contractor is properly bonded. *Id.* In light of this court's holding in *Sloan Construction*, the circuit court granted summary judgment in favor of the City as to the Appellants' tort, third-party beneficiary breach of contract,[3] and quantum meruit claims on September 24, 2007. The circuit court did not rule on the Appellants' cause of action for attorneys' fees.

On March 24, 2008, however, our supreme court reversed this court's holding in *Sloan Construction*. *See Sloan Constr. Co. v. Southco Grassing, Inc.*, 377 S.C. 108, 113, 659 S.E.2d 158, 161 (2008). While acknowledging "the SPPA does not expressly provide for a right of action between the subcontractor and the contracting government body," the supreme court nevertheless held an implied right of action for subcontractors exists under the SPPA because the Legislature "must have intended for [suppliers and subcontractors] to be able to vindicate their rights under a statute enacted for their special benefit." *Id.* at 114–16, 659 S.E.2d at 162.

In a footnote, the supreme court held although it did not agree with this court's analysis of the SPPA, it nevertheless agreed:

"[A] claim for failure to enforce the bonding requirements of the SPPA is *not properly brought pursuant to the [ (SCTCA) ]* because the [SCTCA] does not act as a waiver

---

3. In granting summary judgment, the trial court did not specifically rule as to whether Appellants had properly raised a third-party beneficiary breach of contract claim in their amended complaint. The trial court held, "[T]o the extent the amended complaint may be construed as alleging a third-party beneficiary breach of contract claim, the Court finds that such claim must be dismissed...."

of sovereign immunity when a governmental entity fails to enforce a statute. [citations omitted]. Therefore, *the [SCTCA] is not relevant* to the government's liability for failure to comply with a duty under the SPPA."

*Id.* at 118 n. 5, 659 S.E.2d at 164 n. 5 (citing S.C.Code Ann. § 15–78–60(4) (2005)) (emphasis added).

The supreme court further held the government's failure to comply with the SPPA's bond requirements also gives rise to a third-party beneficiary breach of contract claim by the subcontractor against the government entity. *Id.* at 118, 659 S.E.2d at 164. In arriving at this conclusion, the Court adopted the reasoning of the Seventh Circuit in *A.E.I. Music Network v. Bus. Computers, Inc.,* 290 F.3d 952 (7th Cir.2002). At issue in that case was whether the bond requirement of the Illinois Bond Act gave rise to a third-party beneficiary breach of contract action against a public entity for failing to acquire bonds from contractors on public construction contracts. *Id.* at 953–54. The Illinois court held whereas the existence of a direct third-party beneficiary to a contract is normally determined by the intentions of the actual contracting parties, the relevant intentions in cases falling under the Illinois Bond Act were those of the Illinois Legislature alone. *Id.* at 955–56. Thus, because the Illinois Legislature intended the bond requirement term in the Illinois Bond Act to protect subcontractors, the bond requirement became a term in every construction contract involving a public entity. *Id.* at 955. In view of *A.E.I. Music,* our Supreme Court concluded because our Legislature intended the SPPA to bestow a special benefit to subcontractors, the bond requirements of the SPPA are, therefore, incorporated into all construction contracts governed by the SPPA. *Sloan Constr.,* 377 S.C. at 120, 659 S.E.2d at 165.

Finally, having found section 29–6–250 gives rise to a private right of action against the government, the court held the government's liability for failure to comply with the SPPA's bonding requirements was not open-ended. *Id.* at 121, 659 S.E.2d at 165. Rather, the government's liability would be limited to the remaining balance on the contract with the general contractor when the subcontractor notifies the govern-

ment of the general contractor's non-payment. *Id.* at 121, 659 S.E.2d at 165–66.

In light of our supreme court's decision in *Sloan Construction,* the Appellants argue the circuit court erred in granting the City's motion for summary judgment as to its claims in tort, breach of contract, quantum meruit, and violation of section 27–1–15. This appeal followed.

## LAW/ANALYSIS

### I. Standard of Review

"An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP." *Bovain v. Canal Ins.,* 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009). Rule 56(c), SCRCP, provides that a trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Rule 56(c), SCRCP). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Hancock v. Mid–South Mgmt. Co.,* 381 S.C. 326, 329–30, 673 S.E.2d 801, 802 (2009). "At the summary judgment stage of litigation, the court does not weigh conflicting evidence with respect to a disputed material fact." *S.C. Prop. & Cas. Guar. Ass'n v. Yensen,* 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct.App.2001). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock,* 381 S.C. at 330, 673 S.E.2d at 803.

### II. Motions for Summary Judgment

### 1. Tort Claim for Violation of section 29–6–250

The City argues summary judgment as to the Appellants' tort cause of action should be affirmed because although

the supreme court recognized a private right of action for failure to enforce the bonding requirements of the SPPA in *Sloan Construction*, if such a claim were brought as a tort, it would be barred by the SCTCA. We disagree.

 The SCTCA governs all tort claims against governmental entities and is the exclusive remedy available in an action against a governmental entity or its employees. *Flateau v. Harrelson*, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct.App.2003). The SCTCA waives sovereign immunity "while also providing specific, enumerated exceptions limiting the liability of the state and its political subdivisions in certain circumstances." *Wells v. City of Lynchburg*, 331 S.C. 296, 302, 501 S.E.2d 746, 749 (Ct.App.1998). One such exception to the waiver of immunity is found in section 15–78–60(4), which states the government is not liable for loss resulting from the government's failure to enforce a statute. S.C.Code Ann. § 15–78–60(4) (2005).

The City argues summary judgment should be affirmed because the Appellants' claims sound in tort and are, therefore, barred under the doctrine of sovereign immunity. In support of this position, the City cites footnote 5 in *Sloan Construction*, which states: "[A] claim for failure to enforce the bonding requirements of the SPPA is not properly brought pursuant to the [SCTCA] because the [SCTCA] does not act as a waiver of sovereign immunity when a governmental entity fails to enforce a statute." 377 S.C. at 118 n. 5, 659 S.E.2d at 164 n. 5 (citing S.C.Code Ann. § 15–78–60(4) (2005)). The City interprets footnote 5 as saying if a claim for violation of section 29–6–250 is brought as a tort, it is barred by the SCTCA. Thus, because Appellants' claims were brought in tort, their claims are barred as a matter of law.

The Appellants, on the other hand, argue section 29–6–250 creates an affirmative duty on the government, and the SCTCA does not protect the government from liability for breach of that duty. In support of this, they cite to the latter portion of footnote 5, which states, "Therefore, the [SCTCA] is not relevant to the government's liability for failure to comply with a duty under the SPPA." *Id.*

We believe the Appellants' interpretation is correct. Footnote 5 was merely clarifying that while there exists a private right of action under the SPPA, it would be improper to assert that right by bringing a claim pursuant to the SCTCA for failure to enforce a statute because such claims are clearly barred under the SCTCA. Rather, the claim should be brought under the SPPA as a tort claim in negligence for breach of the duty created by section 29–6–250. Because the Appellants' tort claim alleges negligence arising out of the City's breach of its duty to require Gilbert to provide a bond, the Appellants may proceed under section 29–6–250.

A review of the *Sloan Construction* opinion supports the conclusion that a claim for violation of section 29–6–250 can be brought as a tort. As noted by the Supreme Court, the SPPA establishes both an affirmative duty on the governmental body to require payment bonding, as well as a standard of care for overseeing the issuance of a proper payment bond. *Sloan Constr.*, 377 S.C. at 115–116, 659 S.E.2d at 162 (citing to S.C.Code Ann. § 29–6–250 and providing "it is the duty of the entity contracting for the improvement to take reasonable steps to assure that the appropriate payment bond is issued and is in proper form"). Such language clearly suggests a tort remedy for breach of the duty created pursuant to section 29–6–250 of the SPPA. *See Troutman v. Facetglas, Inc.*, 281 S.C. 598, 601, 316 S.E.2d 424, 426 (Ct.App.1984) ("The elements of a tort are (1) duty; (2) breach of that duty; (3) proximate causation; and (4) injury.").

Furthermore, the supreme court stated in *Sloan Construction*, "[W]e hold that in a *tort or contract* action arising under the SPPA, the government's liability is limited to the unpaid balance on the contract." 377 S.C. at 121, 659 S.E.2d at 166–67 (emphasis added). The court's holding clearly contemplates the possibility of claims being brought under the SPPA in tort or contract. In sum, because the Appellants' claim was brought under section 29–6–250 as a tort, it was properly asserted according to the supreme court's holding in *Sloan Construction*.

Accordingly, we reverse the circuit court's grant of summary judgment as to the Appellants' tort cause of action.

## 2. Third–Party Beneficiary Breach of Contract

The Appellants argue the circuit court's grant of summary judgment as to their third-party beneficiary breach of contract claim should be reversed in light of our supreme court's decision in *Sloan Construction.* Although the City concedes *Sloan Construction* establishes that the bonding requirements under the SPPA give rise to a private right of action for subcontractors for a third-party beneficiary breach of contract claim, the City presents two arguments as to why the circuit court's grant of summary judgment should be affirmed. We find both arguments to be without merit.

■ First, the City argues the Appellants never properly alleged a third-party beneficiary breach of contract claim in their amended complaint. We disagree.

■ "The purpose of a pleading is to put the adversary on notice as to what the issues are." *Langston v. Niles,* 265 S.C. 445, 455, 219 S.E.2d 829, 833 (1975). To ensure substantial justice to the parties, pleadings must be liberally construed. *Quality Towing, Inc. v. City of Myrtle Beach,* 340 S.C. 29, 33, 530 S.E.2d 369, 371 (2000). In determining whether to grant summary judgment, pleadings and documents on file must be liberally construed in favor of the nonmoving party. *Bates v. City of Columbia,* 301 S.C. 320, 321, 391 S.E.2d 733, 733 (Ct.App.1990). In construing a complaint or responsive pleading, the court must review the entire pleading. *Doe ex rel. Legal Guardian v. Barnwell School Dist. 45,* 369 S.C. 659, 663, 633 S.E.2d 518, 520 (Ct.App.2006); *see Smith v. Nelson,* 83 S.C. 294, 300, 65 S.E. 261, 263 (1909) (construing the "complaint upon the whole").

The Appellants alleged in the "Facts" section of their amended complaint: "[Appellants] are third-party beneficiaries of [the City]'s Agreement with Gilbert" because the terms of section 29–6–250 are intended to benefit subcontractors and are, therefore, incorporated into the Contract by operation of law. Appellants further discussed this theory under the section of the amended complaint discussing their cause of action for violation of section 29–6–250.

Looking at the amended complaint in its entirety, we believe the Appellants sufficiently pled a third-party beneficiary

breach of contract claim. Although the complaint did not contain the heading "Third–Party Beneficiary Breach of Contract" in the section listing the causes of action, we believe the complaint as a whole sufficiently put the City on notice the Appellants wished to assert a third-party beneficiary theory. *See e.g., Quality Towing* 340 S.C. at 33, 530 S.E.2d at 371 (holding trial court erred in limiting the complaint to a single portion of an ordinance when, if read in its entirety, the complaint gave notice the plaintiff wished to attack the ordinance as a whole). This conclusion is supported by the fact that at the hearing on the cross-motions for summary judgment, the parties discussed extensively the question of whether the proposed private right of action under section 29–6–250 was a tort or a third-party beneficiary breach of contract. *See id.* (holding trial court erred in limiting operator's complaint to single portion of an ordinance when the plaintiff argued the invalidity of the ordinance as a whole at the summary judgment hearing).

■ Second, the City argues the law of the case doctrine precludes the Appellants from pursuing an action in contract because the circuit court twice held the Appellants' cause of action for violation of section 29–6–250 sounded in tort, and this holding was not appealed. We disagree.

■ The failure to challenge a ruling constitutes an abandonment of the issue, and the unchallenged ruling, right or wrong, is the law of the case. *First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct.App.1998). We do not believe the law of the case doctrine applies here. Judge Short's and Judge John's statements that the Appellants' claims sounded in tort came in the context of a motion to strike; neither judge had before him the question of whether the Appellants could pursue their case on a breach of contract theory. Thus, as Judge Few noted, they "couldn't have foreclosed it if it wasn't before them."

Accordingly, we reverse the circuit court's grant of summary judgment as to the Appellants' third-party breach of contract claim.

### 3. Necessity of Remand

 The City next contends even assuming *arguendo* that pursuant to *Sloan Construction,* Appellants' tort and third-party breach of contract claims were properly brought under the SPPA, summary judgment as to those claims and their quantum meruit claim should nevertheless be affirmed because (1) pursuant to *Sloan Construction,* the City's liability is limited to the remaining balance on the contract with the general contractor when the subcontractor notifies the government of the general contractor's non-payment, *Sloan Constr.,* 377 S.C. at 120, 659 S.E.2d at 165; and (2) there is no dispute in this case that the City paid out the remaining contract price after it was notified of the nonpayment. We disagree.

First, the City relies on facts not fully developed at the circuit court. Pursuant to *Sloan Construction,* the City's liability in this case is limited to (1) the remaining unpaid balance on the contract with Gilbert, (2) at the time the City received notice from the subcontractor of the general contractor's nonpayment. 377 S.C. at 121, 659 S.E.2d at 165–66. These are inherently factual questions that were disputed at the circuit court, and should not be resolved on summary judgment. Moreover, even if we were to assume the City did, in fact, pay out the remaining balance on the contract, that fact alone would not support summary judgment because the same was true in *Sloan Construction.* In that case, it was undisputed that the government entity disbursed the remaining funds to the general contractor when the subcontractor notified the government of nonpayment. *See id.* at 111, 659 S.E.2d at 160 ("Sloan notified SCDOT in January 2002 that it still had not received payment from Southco for the work completed and additionally informed SCDOT that Southco had not secured another payment bond following the cancellation of the Amwest bond. In March 2003, without having made full payment to Sloan, Southco notified SCDOT that it had made all payments on the project and SCDOT disbursed final retainage to Southco."). However, the supreme court chose to remand the case to determine the liability even though SCDOT had paid out the remaining balance.

Thus, pursuant to *Sloan Construction,* we reverse the circuit court's grant of summary judgment as to the Appellants' tort, breach of contract, and quantum meruit claims, and we

remand to the circuit court for findings consistent with this opinion.

## 4. Section 27-1-15 of the South Carolina Code

 The City argues the Appellants' claim for attorneys' fees under South Carolina Code Section 27-1-15[4] is not preserved for review. We agree.

 Error preservation requirements are intended to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments. *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000). It is axiomatic that for an issue to be preserved for appeal, it must have been raised to and ruled upon by the trial court. *Elam v. S.C. Dept. of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004). When an issue or argument has been raised to but not ruled upon by the trial court, a party must file a Rule 59(e), SCRCP, motion to preserve the issue for appeal. *Id.* at 24 n. 4, 602 S.E.2d at 780 n. 4.

The Appellants asserted claims pursuant to section 27-1-15 in their amended complaint. Thus, the issue of section 27-1-15 was properly raised to the circuit court. However, the circuit court's summary judgment order clearly does not address the question of the Appellants' entitlement to attorneys' fees and interest pursuant to section 27-1-15. Accordingly, it was incumbent upon the Appellants to file a Rule 59(e) motion to secure a ruling from the circuit court and, consequently, preserve this issue for appeal. The Appellants did not file such a motion. We, therefore, need not address this issue because it is not preserved for our review.

---

**4.** S.C.Code section 27-1-15 (Supp.2008) states: "Whenever a contractor, laborer, design professional, or materials supplier has expended labor, services, or materials under contract for the improvement of real property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand. If the person fails to make a fair investigation or otherwise unreasonably refuses to pay the claim or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand."

## CONCLUSION

Accordingly, the decision of circuit court is

**REVERSED IN PART AND AFFIRMED IN PART.**

GEATHERS, J., and GOOLSBY, A.J., concur.