**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Martin, Appellant,

v.

Norfolk Southern Corporation and Norfolk Southern Railway Company, Mike Ford, Benjamin Aiken and James Thornton, Defendants,

Of Which Norfolk Southern Coporation and Norfolk Southern Railway Company are the Respondents.

Appellate Case No. 2010-173647

_____

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-635
Heard November 13, 2012 – Filed November 28, 2012

_____

**AFFIRMED**

_____

Stephen P. Groves, Sr., and Paul A. Dominick, both of Nexsen Pruet, LLC, of Charleston, for Appellant.

Ronald K. Wray, II, James D. Brice, and Laura G. Simons, all of Gallivan, White & Boyd, P.A., of Greenville, for Respondents.

**PER CURIAM:**  This appeal arises out of Appellant James Martin's negligence claim against Respondents Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern").  The trial court granted Norfolk Southern's motion for summary judgment.  On appeal, Martin argues he presented sufficient evidence to demonstrate a genuine issue of material fact that (1) he was exposed to chlorine gas, and (2) Norfolk Southern was the proximate cause of his injuries.[1]  We find there is no genuine issue of material fact as to whether Norfolk Southern proximately caused Martin's injuries; therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 56(c), SCRCP (noting summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 282 (Ct. App. 2010) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 464, 494 S.E.2d 835, 843 (Ct. App. 1997) ("Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence."); *McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 386, 684 S.E.2d 566, 569 (Ct. App. 2009) (noting that negligence is only actionable when it is a proximate cause of an injury); *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 191, 691 S.E.2d 170, 175 (Ct. App. 2010) (holding in order to prove proximate cause, a plaintiff is required to show both causation in fact and legal cause); *id.* ("Causation in fact is demonstrated by establishing the plaintiff's injury would not have occurred 'but for' the defendant's negligence."); *id.* ("Legal cause is

---

[1] We find Martin's lost wages claim unpreserved for review, as the trial court did not rule on whether Martin established a genuine issue of material fact that he was entitled to lost wages damages.  *See Shirley's Iron Works, Inc. v. City of Union*, 397 S.C. 584, 598, 726 S.E.2d 208, 215 (Ct. App. 2010) ("When an issue or argument has been raised to but not ruled upon by the trial court, a party must file a Rule 59(e), SCRCP, motion to preserve the issue for appeal.").  At oral argument, counsel conceded that Martin's Rule 59(e), SCRCP, motion was not timely filed with the trial court.

shown by establishing foreseeability."); Rule 701, SCRE ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *do not require special knowledge, skill, experience or training*." (emphasis added)).[2]

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[2] As to Martin's remaining issue on appeal, we decline to address the merits because the finding that there is no genuine issue of material fact as to whether Norfolk Southern was the proximate cause of Martin's injuries is dispositive. *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).